UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE  NO: 14-CV-24387-MOORE/MCALILEY

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
STATE FARM FIRE & CASUALTY
COMPANY,

      Plaintiff,

vs.

B&A DIAGNOSTIC, INC. n/k/a OASIS
MEDICAL CENTER CORP., ESTEBAN GENAO, M.D.,
ALEX ALONSO, M.D., ERNESTO ALVAREZ
VELASCO and JOSE ANGEL ORTIZ MAZA,

      Defendants.

_____/

## PLAINTIFFS' OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS AND AMENDED MOTION TO DISMISS WITH MEMORANDUM OF LAW

Plaintiffs, State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire & Casualty Company ("State Farm Fire"), files this Omnibus Response in Opposition to Defendants, B&A Diagnostic, Inc. n/k/a Oasis Medical Center Corp. ("B&A"), Esteban Genao, M.D. ("Genao"), Ernesto Alvarez Velasco ("Alvarez") and Jose Angel Ortiz Maza ("Ortiz") (B&A, Genao, Alvarez and Ortiz collectively "Defendants") Motions and Amended Motion[1] to Dismiss (the "Motions") (ECF Nos. 18, 19, 20 and 22).  In opposition thereto, State Farm Mutual and State Farm Fire state as follows:

## I.    INTRODUCTION

Defendants filed four (4) separate Motions to Dismiss State Farm Mutual and State Farm Fire's two-count Complaint setting forth ten (10) distinct legal arguments for dismissal, most of

_____

[1] On January 19, 2015, B&A filed an Amended Motion to Dismiss (ECF No. 22), replacing its original Motion to Dismiss dated January 14, 2015 (ECF No. 21).

which have been argued in nearly identical contexts and routinely rejected by other Courts. Defendants' Motions fail to address binding Eleventh Circuit precedent and fail to mention similar recent decisions by this Court and other District Courts in Florida rejecting the same legal arguments.

Defendants' Motions must be denied for the following ten (10) reasons:

1) State Farm Mutual and State Farm Fire have not brought a direct claim for a violation of the Health Care Clinic Act, §§ 400.990 *et seq.*, Fla. Stat. (the "HCCA"), and it is well settled that this Court has subject matter jurisdiction over State Farm's claim for unjust enrichment;

2) State Farm Mutual and State Farm Fire's requests for declaratory relief is not purely a question of fact and courts have routinely upheld actions for declaratory relief by insurers in nearly identical circumstances;

3) Res judicata does not apply because there is no identity of the parties or the causes of action, and application of res judicata has been held to be improper at the dismissal stage in these circumstances;

4) Dismissal is not appropriate pursuant to the *Rooker-Feldman* doctrine because Defendants have not (and cannot) identify a single state court judgment that implicates the doctrine;

5) The *Colorado River* doctrine is inapplicable because Defendants have not identified a single State Court proceeding, much less a "parallel" proceeding that meets the narrow exception of the doctrine;

6) Florida law is clear, and the Eleventh Circuit has confirmed, that Defendants need not have received a "direct benefit" to be liable under a theory of unjust enrichment;

7) The statute of limitations has not expired because the delayed discovery and equitable tolling doctrines apply, and at a minimum, questions of fact remain as to the applicability of these doctrines;

8) State Farm Mutual and State Farm Fire have both stated a claim for unjust enrichment based, in part, on Defendants' unlawful business practice of waiving copayments and deductibles, and as set forth above, State Farm Mutual and State Farm Fire did not bring a direct claim for violation of Fla. Stat. § 817.234 but same provides a basis for a claim for unjust enrichment;

9) Defendants' general and conclusory argument that the Complaint fails to state a claim does not satisfy their "very high burden" of showing State Farm Mutual and State Farm Fire are not entitled to relief; and

10) State Farm Mutual and State Farm Fire's Complaint is replete with detailed factual allegations and Defendants unsupported assertion that a more definite statement is needed is inaccurate and baseless.

## II.   FACTUAL BACKGROUND

This action arises out of claims for auto insurance benefits submitted by Defendants for purported diagnostic services that were unlawfully rendered to obtain insurance payments from State Farm Mutual and State Farm Fire.  In order for these services to be compensable under § 627.730 *et. seq.*, Fla. Stat. (Florida's "No-Fault Law"), the services must be lawfully rendered, which means being in substantial compliance **with all relevant** applicable criminal, civil, and administrative requirements of State and Federal law related to the provision of medical services or treatment. Fla. Stat. § 627.736(1)(a), (5)(b)(1)(d) and (11); *State Farm Fire & Casualty Company v. Silver Star Health and Rehab*, 739 F.3d 579, 582-84 (11th Cir. 2013).  Because the diagnostic services were performed by Defendants in violation of Florida law, the bills for No-Fault benefits were noncompensable.  Plaintiffs' claims can be broken down into the following four categories of unlawful treatment and resulting damages:

1) Unlawful services rendered by radiologic technician Alvarez to *State Farm Fire* insureds prior to his certification by the Florida Department of Health on November 30, 2010;

2) Unlawful services rendered by a low-level radiologic technician (a Basic Machine Operator) Ortiz to *State Farm Fire* insureds during which time he was unlawfully employed and unlawfully supervised;

3) Unlawful services rendered by B&A and Genao to all State Farm Mutual and State Farm Fire insureds for the time period Genao was the statutorily designated Medical Director at B&A (March 21, 2008 – March 31, 2010) (the "Genao era") during which he and B&A did not comply with all applicable Medical Director requirements; and

4) Unlawful services rendered by B&A to all State Farm Mutual and State Farm Fire insureds for a portion of the time period Alex Alonso, M.D. ("Alonso") was the statutorily designated Medical Director at B&A (April 1, 2010 – November 16, 2011) (the "Alonso era") during which he and B&A failed to comply with all applicable Medical Director requirements.

As a result of Defendants' failure to comply with the "relevant applicable criminal, civil, and administrative requirements of state and federal law related to the provision of medical services or treatment," State Farm Mutual and State Farm Fire seeks to recover the amounts it paid to Defendants based upon a theory of unjust enrichment as it would be inequitable for Defendants to retain the benefits of being paid for services performed unlawfully and in contravention to Florida Law.   The Eleventh Circuit Court of Appeals has reaffirmed longstanding Florida law that allows for an insurer to seek recovery against a health care provider under a theory of unjust enrichment when the health care provider was not lawfully operating when it performed services which were billed to, and then paid by, the auto insurer. *Silver Star*, 739 F.3d at 582-84.

In addition to seeking recovery of benefits already paid by State Farm Mutual and State Farm Fire, Plaintiffs also seeks a declaratory judgment against B&A confirming that State Farm Mutual and State Farm Fire are not obligated to pay any of the outstanding charges B&A has submitted to them during the relevant time period, but which remain unpaid.

## MEMORANDUM OF LAW

## I.    STANDARD

To survive a motion to dismiss, Fed. R. Civ. P. 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ….claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quotations omitted).   "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009).  State Farm's Complaint contains detailed factual allegations supporting each of its claims which clearly surpass the *Iqbal/Twombly* standard for entitlement to relief.

## II.    SUBJECT MATTER JURISDICTION EXISTS BECAUSE PLAINTIFFS' COMPLAINT DOES NOT ASSERT A CLAIM FOR A DIRECT VIOLATION OF THE HEALTH CARE CLINIC ACT.

Defendants' contention that this Court does not have jurisdiction because there is no private right of enforcement under the Health Care Clinic Act ("HCCA") is misplaced and has been expressly rejected by the Eleventh Circuit.  *Silver Star*, 739 F.3d at 582-84.  The Plaintiffs have not alleged or brought a claim pursuant to the HCCA, rather, the Complaint asserts causes of action for unjust enrichment and declaratory relief alleging that the diagnostic services rendered by Defendants were unlawful and therefore noncompensable.  Accordingly, Plaintiffs seek restitution for the monies State Farm Mutual and State Farm Fire paid for the unlawful services, and a declaration that they are not obligated to pay any of the bills for services rendered during the relevant time period Defendants were operating unlawfully.

Florida Courts have continually recognized a cause of action for unjust enrichment "to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity." *Id.* at 584 (quoting *Butler v. Trizec Props., Inc.*, 524 So. 2d 710, 711 (Fla. 2d DCA 1988).  Indeed, the Eleventh Circuit in *Silver Star* affirmed a jury verdict which found in favor of State Farm on a claim for unjust enrichment based on the provider's failure to comply with the HCCA.

In *Silver Star*, State Farm brought an action against Silver Star for unjust enrichment and declaratory relief.  *Id.* at 582.  State Farm alleged it was entitled to restitution for the monies it paid to Silver Star for services rendered to its insureds because, as here, Silver Star was operating in violation of the HCCA thereby rendering the services it provided noncompensable.  *Id.*  The

Court rejected Silver Star's argument that Florida law does not provide a judicial remedy for violation of the HCCA and held that "[u]nder Florida law State Farm was entitled to seek a judicial remedy to recover the amounts it paid Silver Star and to obtain a declaratory judgment that it is not required to pay Silver Star the amount of the outstanding bills." *Id*. The Court held that unjust enrichment was a proper vehicle for State Farm to seek restitution for monies it paid to Silver Star for unlawful medical services, and stated:

> Florida courts have long recognized a cause of action for unjust enrichment to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity.… If an entity accepts and retains benefits that it is not legally entitled to receive in the first place, Florida law provides for a claim of unjust enrichment.

*Silver Star*, 739 F.3d at 584 (citations omitted).

This Court has denied similar efforts by providers attempting to challenge the subject matter jurisdiction of the Court. In *State Farm Mut. Auto. Ins. Co. v. Medical Serv. Center of Florida, Inc.*, Case No. 1:14-CV-20625 (S.D. Fla. Sept. 15, 2014) (K.M. Moore) (ECF No. 33), State Farm alleged claims for unjust enrichment and declaratory relief based on the providers' of the provisions of the HCCA. In denying the providers' Motion to Dismiss, this Court held that "it is well-established that this Court has subject matter jurisdiction over State Farm's claims for violations of FDUPTA, unjust enrichment, and declaratory judgment." *Id*. (*citing Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279 (M.D. Fla. 2009); *see also State Farm Ins. Co. v. Physicians Group of Sarasota, LLC*, 9 F.Supp. 3d 1303 (M.D. Fla. 2014); *Altamonte Springs*, 2011 WL 6450769)). Therefore, because State Farm's claim alleges unjust enrichment and not a direct civil action for violation of the HCCA, Defendants' Motions must be denied.

AKERMAN LLP, 50 NORTH LAURA STREET, SUITE 3100, JACKSONVILLE, FL 32202-3646

### III.   STATE FARM MUTUAL AND STATE FARM FIRE'S CLAIM FOR DECLARATORY RELIEF ARE PROPER.

As an initial matter, Defendants' Motions[2] fail to even address the fact that this Court, the Eleventh Circuit Court of Appeals, and numerous other District Courts in Florida have routinely upheld actions seeking Declaratory Relief under similar facts and circumstances.  *See Medical Serv. Center of Florida*, Case No. 1:14-CV-20625 (S.D. Fla. Sept. 15, 2014) (K.M. Moore) (ECF No. 33) (denying provider's motion to dismiss insurer's complaint alleging claims for declaratory relief, unjust enrichment, and FDUTPA based in part on  the provider's violations of the HCCA); *Silver Star*, 739 F.3d at 584 (holding that under Florida law an insurer was entitled to seek a declaratory judgment that it was not required to pay provider the amount of the outstanding bills based on violations of the HCCA); *Physicians Group of Sarasota,* 9 F.Supp. 3d at 1313-14 (denying motion to dismiss and permitting insurer's unjust enrichment, FDUTPA, and declaratory claims to proceed).

Defendants contend that State Farm Mutual and State Farm Fire's claims for declaratory relief should be dismissed because it requires the Court to "determine factual questions", citing *Wolf Sanitary Wiping Cloth, Inc. v. Wolf*, 526 So. 2d 702 (Fla. 3d DCA 1998). (ECF No. 22 at p. 22).  While the *Wolf* case does stand for the proposition that a declaratory judgment action will not lie when judicial determinations involve *purely* factual questions, Defendants ignore the case law holding that questions of fact may be determined in declaratory proceedings if necessary to a construction of legal rights.  *See e.g. X Corp. v. Y Person*, 622 So. 2d 1098, 1101 (Fla. 2d DCA 1993) ("questions of fact may be determined in declaratory proceedings if necessary to construction of legal rights") (citing *Prudential Property & Casualty Ins. Co. v. Castellano*, 571

---

[2] It should be noted that Defendants Genao, Alvarez and Ortiz each move for dismissal of Count II (Declaratory Relief Pursuant to Chapter 86, Fla. Stat.); however, Count II is alleged against B&A only.  State Farm will respond to all Defendants' identical arguments collectively.

AKERMAN LLP, 50 NORTH LAURA STREET, SUITE 3100, JACKSONVILLE, FL 32202-3646

So. 2d 598 (Fla. 2d DCA 1990), *appeal after remand, Swindal v. Prudential Property & Casualty Ins. Co.*, 599 So. 2d 1314 (Fla. 2d DCA 1992), approved by, 622 So.2d 467 (Fla.1993)).  Courts have routinely denied dismissals of declaratory judgment actions where an insurer seeks a declaration regarding legal rights under an insurance policy.  *Travelers Ins. Co. v. Emery*, 579 So. 2d 798, 801 (Fla. 1st DCA 1991).

Plaintiffs seek a declaration regarding its rights and obligation to pay B&A for bills B&A submitted to State Farm Mutual and State Farm Fire for services they allege were unlawfully rendered.  Notably, the factual questions Defendants argue will need to be determined are the same factual questions that were required to be answered in *Silver Star* and the same questions that will need to be answered in the *Medical Service Center* and *Physicians Group* cases that this Court and the Middle District Court correctly permitted to proceed.

Defendants also contend that Plaintiffs' claim for declaratory relief should be dismissed because they is "based upon [an] unsubstantiated hypothetical set of facts," citing *MedImmune, Inc. v. Genetech, Inc.*, 127 S.Ct. 764, 771 (2007).  The facts alleged in the Complaint are not hypothetical, and Defendants' Motions do not identify any allegations they claim are "hypothetical."  To the contrary, the Complaint is replete with facts supporting the very real fact that Defendants continually violated Florida law by, *inter alia*, failing to ensure proper licensure of radiologic technicians, failing to properly employ and supervise its technicians, failing to perform multiple statutory duties of a Medical Director, and by waiving all copayments and deductibles thousands of State Farm insureds.

## IV.     THE DOCTRINE OF RES JUDICATA IS NOT APPLICABLE

Defendants argument that Plaintiffs' claims are barred by the doctrine of res judicata consists of conclusory recitations of the elements for res judicata and incorrect factual assertions.

Defendants argue that the claims in this action are barred by res judicata because of the case of *State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc. et al.*, Case No. 13-cv-24393-UU (hereinafter the "2013 Action").  Defendants Motion must be denied because the defense of res judicata is not appropriately determined at the Motion to Dismiss stage, and because Defendants have not established the necessary elements that the thing being sued for and the parties to the action be identical.

### A.   The Affirmative Defense of Res Judicata Cannot Be Raised In A Motion to Dismiss In This Case.

Res judicata is an affirmative defense that cannot be raised in a Motion to Dismiss except under special circumstances.  Res judicata is not a defense under Rule 12(b); "it is an affirmative defense that should be raised under Rule 8(c)." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982) (citing *Moch v. East Baton Rouge Parish School Board*, 548 F.2d 594, 596 n.3 (5th Cir. 1977), *cert. denied*, 434 U.S. 859, 98 S.Ct. 183, 54 L.Ed.2d 132 (1977)).  While the defense can be raised under special circumstances at the 12(b) stage, in order to be allowed at such an early stage "the ends of justice require as a minimum that the defense of res judicata appear from the face of the complaint or that the record of the prior case be received in evidence." *Concordia*, 693 F.2d at 1075 (quoting *Guam Investment Co. v. Central Building, Inc.*, 288 F.2d 19, 24 (9th Cir. 1961).  The record from the prior case has not been received in evidence and the defense is not apparent from the face of the Complaint.

Defendants' only argument that the defense of res judicata appears on the face of the Complaint is that the Complaint refers to and attaches transcripts of two Defendants, Alonso and Genao (whom notably were not parties in the prior case as reflected by the caption on the transcripts). (ECF No. 22 at p. 17).  Nothing on the face of the Complaint nor its attachments supports Defendants' conclusory assertions that the identity of the parties, the thing being sued

for, or the causes of action are identical.   The record in this case does not include, and Defendants have not requested, submission into evidence of any pleadings, orders or other documents from the 2013 Case[3]. *See Concordia*, 693 F.2d at 1076-77 (reversing dismissal of complaint because the records from the prior case were not received into evidence and copies of the judgment and counterclaim "does not satisfy the minimum requirement that the defense of res judicata appear from the face of the complaint.")   Accordingly, based on a review of the Complaint, Defendants have not shown and cannot show that the doctrine of res judicata is applicable.

### B.      Defendants Cannot Establish The Elements of Res Judicata.

Assuming this Court receives into evidence records from the 2013 Action, these records cannot satisfy any of the elements of the defense of res judicata.   " 'The Florida doctrine of res judicata bars subsequent litigation where there is (1) identity of the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity of the quality or capacity of the person for or against whom the claim is made.' " *Saboff v. St. John's River Water Management Dist.*, 200 F.3d 1356, 1360 (11th Cir. 2000) (citing *Fields v. Sarasota Manatee Airport Authority*, 953 F.2d 1299 (11th Cir.1992)).   Defendants superficial reference to the Order of Dismissal with Prejudice and State Farm's Motion for Leave to Amend the Complaint in the 2013 Action is woefully insufficient to establish the elements of res judicata.

### 1.      Background of the Claims in the 2013 Action.

On December 5, 2013, State Farm Mutual (not State Farm Fire) filed its Complaint in the 2013 Action against B&A and Alvarez.   State Farm Mutual alleged that the services rendered *by*

---

[3] "As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence." *Guam Investment Co. v. Central Building, Inc.*, 288 F.2d 19 (9th Cir.1961); *see Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 510 n. 38 (4th Cir.1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978).

AKERMAN LLP, 50 NORTH LAURA STREET, SUITE 3100, JACKSONVILLE, FL  32202-3646

*Alvarez*, from June 2009 through November 30, 2010, were unlawful because he was not certified in compliance with Florida law and the Florida Administrative Code ("FAC.")  State Farm Mutual also alleged that the services were unlawful and noncompensable because the Medical Directors at B&A, Genao and Alonso, failed to fulfill *an* obligation to ensure Alvarez possessed the required certification.  The nucleus of the claims in the Complaint revolved entirely around Alvarez's operation of radiological equipment without proper licensure, and B&A and its Medical Directors' failure to ensure that Alvarez met all of the requirements and was properly certified before it allowed him to performed radiologic services on patients.  The only services for which State Farm Mutual sought restitution and/or declaratory relief was for x-rays performed by Alvarez.

On May 5, 2013, State Farm filed its Amended Complaint.  The Amended Complaint added allegations related to the unlawful employment and supervision of one radiologic technician, Ortiz.  Just like the narrow claims specifically pointed at Alvarez, the allegations added to the Amended Complaint were narrowly tailored to the unlawful actions related only to the wrongful employment and supervision of Ortiz.  The Amended Complaint sought restitution for **only the services rendered by Alvarez prior to his proper licensure, and for the services rendered by Ortiz during his unlawful employment at B&A**.[4]  The allegations against B&A regarding its failure to comply with the HCCA in the Amended Complaint were likewise limited to B&A and its Medical Directors' failure to ensure the licensure of Alvarez and the proper employment and supervision of Ortiz.[5]

---

[4] Notably, in order to lawfully employ BMO Ortiz, he was required to be employed by a "licensed practitioner" in that licensed practitioner's office.  *See* §§468.301 (1) and 468.302 (3)(a), Fla. Stat.  It was undisputed that Ortiz was employed by B&A (a healthcare clinic) and not by a licensed practitioner, and therefore was unlawfully employed.

[5] As discussed further below, in the instant action, State Farm Mutual (the only party plaintiff to the 2013 Action) does not seek restitution from Alvarez and/or Ortiz, and has not alleged claims against B&A related to the services rendered unlawfully by Alvarez and/or Ortiz.

AKERMAN LLP, 50 NORTH LAURA STREET, SUITE 3100, JACKSONVILLE, FL 32202-3646

### 2.      *The Parties Are Not Identical*

In the Motions, Defendants conclusively allege that there is "identity of the persons and parties to the action." (ECF No. 22 at p. 19). This is simply wrong. The only parties to the 2013 Action were State Farm Mutual, B&A and Alvarez. State Farm Fire, Genao, Alonso and Ortiz were not parties to the 2013 Action, and therefore, claims brought by State Farm Fire against all Defendants and claims brought by State Farm Mutual against Alonso, Genao and Ortiz do not meet the identity of the parties requirement.

### 3.      *There Is No Identity of the Cause of Action.*

Identity of the cause of action "is a question of whether the facts or evidence necessary to maintain the suit are the same in both actions." *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005) (quoting *Albrecht v. State*, 444 So. 2d 8, 12 (Fla. 1984)). "Identity of the causes of action is established where the facts which are **required** to maintain both actions **are identical**." *Id.* (citations omitted) (emphasis added). The 2013 Action was limited to services rendered by two specific technicians, Alvarez and Ortiz, and was based on the specific failure of Alvarez to be properly certified and Ortiz to be properly employed by a licensed. While the allegations brought by State Farm Fire, which was not a party to the 2013 Action, are in part the same as the allegations brought by State Farm Mutual in the 2013 Action, the allegations brought by State Farm Mutual in this case are based on an entirely different core of operative facts.

In the instant action, State Farm Mutual has only asserted claims against B&A, Genao, and Alonso. *See* Complaint at Ex. D, E, I and J (claims against Ortiz and Alvarez brought by State Farm Fire only). State Farm Mutual and State Farm Fire's claims against B&A, Genao, and Alonso allege an expansive and comprehensive failure of B&A and its Medical Directors to comply with the express statutory requirements of the HCCA in rendering medical services at

AKERMAN LLP, 50 NORTH LAURA STREET, SUITE 3100, JACKSONVILLE, FL  32202-3646

B&A.  Plaintiffs have alleged that *all* services rendered at B&A during the relevant time period were unlawful and noncompensable due to the complete wholesale failure of B&A and its Medical Directors to comply with a number of their statutory duties such as their failure to oversee day-to-day clinic operations and their failure to ensure the proper collection of copayments and deductibles.  Importantly, much of the evidence to support this wholesale failure was not obtained by State Farm Mutual and State Farm Fire until June and July 2013, after the 2013 Action had already been filed.  Plaintiffs have alleged that these failures result in all the services being unlawful as a result of their complete and inexcusable failure to comply with the statutes governing medical directors and healthcare clinics.  To prevail in the 2013 Action, State Farm Mutual only needed to prove that Alvarez was not properly certified, Ortiz was not properly employed and/or supervised, and that they were performing radiologic services during this time period[6].  To prevail here, State Farm Mutual (and State Farm Fire) will need to prove that the medical directors at B&A failed to perform their statutory medical director duties as a whole and to an extent that renders all services provided by B&A during that time period unlawful.

Further, the doctrine of res judicata does not apply simply because some of the facts supporting the cause of action overlap.  *See Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1210 (Fla. 4th DCA 2005).   In *Tyson*, the Florida Fourth District Court of Appeal reversed summary judgment and held that an employee's initial action alleging whistle-blower violations was not the same cause of action for purposes of res judicata as the employee's second claim alleging breach of contract and fraudulent inducement by the employer.  *Tyson*, 890 So. 2d at 1209-12. The Court reasoned that the facts "essential" to the employee's whistle-blower claim in the initial

---

[6] These are the same issues that State Farm Fire, which was not a party to the 2013 Action, will need to show in this case.  State Farm Mutual has not alleged any claims related to services provided by Alvarez or Ortiz in this case.

AKERMAN LLP, 50 NORTH LAURA STREET, SUITE 3100, JACKSONVILLE, FL 32202-3646

action, despite some overlap, were not "identical" to the facts and theories supporting his second action for breach of contract and fraudulent inducement.  *Id*.  Notably, the fact that the employee's employment with the employer lasted only a few months and that the facts giving rise to the first and second causes of action were interrelated and arose from the same time period was insufficient to meet the identity of a cause of action at the summary judgment stage.  *Id*.  The Court held that while all of the claims from this short time period occurred within and affected the course of the plaintiff's employment, such a broad interpretation of "identity of a cause of action" to include facts surrounding the "employment relationship" was too broad an interpretation for res judicata.  *Id*. at 1212  The Court's following conclusion is instructive:

> The reality that the three separate sets of facts may exist within a larger set of facts, such as an employment relationship, is no obstacle to this conclusion, because "the whole is more than the sum of its parts." Aristotle, *Metaphysica*. **Other facts exist in the context of the whole, so that the whole is not identical to any of its three component sets of facts, just as they are not identical to each other**. If this were not our approach to res judicata, a slippery slope could soon bar a range of suits related only by the broadest of contexts, **such as the provision of medical care and treatment by all types of professionals to all patients for all ailments**.

*Id.* (bold emphasis added).

Not only is the record devoid of **any** evidence sufficient to determine the extent of similarity between the cause of action in the 2013 Action and the instant action, but Defendants' Motions fail to articulate the degree of similarity, much less identity, of the causes of action. Indeed, a comparison of the Amended Complaint in the 2013 Action and the Complaint in this case alone reveals that other facts exist in the context of the whole, and the facts supporting the instant action go far beyond and require different facts to be proven than the 2013 Action.  The basis of the 2013 Action is not grounded in the Medical Directors' across-the-board failure to comply with their statutory duties, and does not contemplate the actions of B&A and its Medical

Directors leading to the unlawfulness and noncompensability of all services rendered by B&A as a result. Rather, the 2013 action focused on the specific failures of B&A and its Medical Directors related only to the licensure and employment of two specific individuals, and B&A and its Medical Directors' role in failing to ensure these two technicians were lawfully rendering services. The 2013 Action does not allege Defendants' intentional disregard of Fla. Stat. § 817.234 and business practice of waiving copays and deductibles, and does not allege B&A and its Medical Directors' failure to oversee the operations of B&A as it relates to services provided by technicians other than Ortiz and Alvarez. It does not allege that the failure of the Medical Directors to ensure Alvarez's licensure or Ortiz's proper employment was to a degree that all services rendered by B&A were unlawful. At this stage in the proceeding, Defendants have not carried the heavy burden sufficient to establish that res judicata applies. At a bare minimum, numerous questions of fact remain as to the identity of the facts and evidence that support both causes of action.

**V.  THE *ROOKER-FELDMAN* DOCTRINE DOES NOT APPLY BECAUSE DEFENDANTS HAVE FAILED TO IDENTIFY ANY CLAIMS THAT MEET THE CRITERIA FOR DISMISSAL.**

The *Rooker-Feldman* doctrine states that a litigant cannot appeal a State Court Judgment in Federal Court (except to seek review before the Supreme Court). *Nicholson v. Shafe*, 558 F.3d 1266, 1272 (11th Cir. 2009). In *Exxon Mobil*, the Supreme Court limited the preclusive action of *Rooker-Feldman* to those suits filed in federal court "after the state proceedings ended[.]" *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). Defendants concede, as they must, that the *Rooker-Feldman* doctrine only applies where a State Court judgment has been issued prior to the commencement of the Federal Action. (ECF No. 22 at p. 22). Defendants have not identified or presented any evidence of a State Court proceeding that has ever been involved in litigation, much less reached an end point of a final judgment. Rather,

AKERMAN LLP, 50 NORTH LAURA STREET, SUITE 3100, JACKSONVILLE, FL 32202-3646

Defendants contend that the *Rooker-Feldman* doctrine should apply because some unknown lawsuit involving one of the 4,678 claims identified in the Complaint *may* have been litigated in Florida courts or may not "have been included in the settlement between the parties [in the 2013 Action]." (ECF. No. 22 at p. 22, n.1.) However, Defendants do not identify, and Plaintiffs are not aware of, any claims included in the instant action that were the subject of litigation at the time the Complaint was filed in this case, and is not aware of a single claim that "should have" been included as part of the 2013 Action. Notably, Defendants do not identify a single claim in Exhibits D, E, I, J, M, N, O or P to the Complaint that meets this criteria, despite the fact that B&A would be the party that instituted litigation in the state court forum. Therefore, the *Rooker-Feldman* doctrine does not apply. *See Physicians Group of Sarasota,* 9 F.Supp. 3d at 1311 (denying Rooker-Feldman in similar circumstances because "Defendants [had] presented no evidence to this court of a state court proceeding that has reached such an endpoint.")

## VI.   THE COLORADO RIVER DOCTRINE CANNOT APPLY WITHOUT A PARALLEL STATE COURT PROCEEDING.

The *Colorado River* doctrine is a judicially created doctrine providing the District Court's limited discretion to abstain from a case that is the subject of a parallel state court proceeding. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 1246 (1976); *Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004) ("[A] stay, not a dismissal is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the Colorado River doctrine."). Defendants contend that this Court should stay this case pursuant to *Colorado River*, but fail to identify the gravamen for abstention, that a parallel state court proceeding even exists. Without a parallel state court action, *Colorado River* cannot apply. *Physicians Group of Sarasota*, 9 F.Supp. 3d at 1311

(rejecting defendants' request for Colorado River abstention against insurer because defendants did not show parallelism between the parties or issues with a state court proceeding).

Defendants have argued that they have not identified a parallel proceeding because the Complaint and exhibits are vague. (ECF No. 22 at p. 24).  However, in order for the federal and state court proceedings to be parallel, the Eleventh Circuit has held that as a threshold matter proceedings must involve substantially the same parties and substantially the same issues. *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004). Therefore, Defendants must be equally aware of any pending state court proceedings in which they are a party that could be parallel.  Additionally, the Complaint, including the claims anns attached, provide detailed factual information of each claim it has asserted, including the patient name, claim number, and the amounts billed and paid.  Defendants do not assert what information is purportedly lacking from the Complaint that would allow it to determine if a parallel state court proceeding exists, much less meet the other six factors identified by the Eleventh Circuit for invoking the doctrine.  *See Ambrosia*, 368 F.3d at 1331 (identifying six factors).  Accordingly, the Defendants cannot meet its burden of establishing the "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" which can only be justified under "exceptional circumstances." *Colorado River,* 424 U.S. at 813-14.

## VII.   IT IS WELL SETTLED UNDER FLORIDA LAW THAT A "DIRECT BENEFIT" IS NOT REQUIRED TO MAINTAIN A CLAIM FOR UNJUST ENRICHMENT.

Defendants argue in Section V of their Motions to Dismiss that the Complaint should be dismissed against Alvarez, Ortiz and Genao because the Complaint does not alleged they received a "direct benefit."  However, Defendants ignore the established case law, including binding precedent from the Eleventh Circuit, that holds a cause of action for unjust enrichment

AKERMAN LLP, 50 NORTH LAURA STREET, SUITE 3100, JACKSONVILLE, FL 32202-3646

does not require that Defendants individually receive payments. *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Center, Inc., et. al.*, 427 Fed. Appx. 714, 722-23 (11th Cir. 2011) (finding that Florida law does not require a 'direct benefit' to flow to a defendant in order to be liable for unjust enrichment); *State Farm Fire & Casualty Company, et al. v. A&J Medical Center, Inc., et al.*, Case No. 14-20066-CIV-ALTONAGA/Simonton (S.D. Fla. May 15, 2014) (ECF No. 51) (where defendant was involved in a broad scheme to unlawfully obtain PIP benefits from State Farm, the fact that they may have received those benefits indirectly, and may not have had actual "knowledge of the benefits" was insufficient to compel dismissal of the claim); *see also State Farm Fire & Cas. Co. v. Silver Star Health and Rehab, Inc.*, 2012 WL 983775, at * 2 (same); *State Farm Mut. Auto. Ins. Co. v. Kugler, M.D., et al.*, 2011 WL 4389915, at *12 (S.D. Fla. Sept. 21, 2011) (same); *Physicians Group of Sarasota*, 9 F.Supp. 3d at 1313-14 (same).

Defendants also argue that Plaintiffs "[are] unable to ***prove*** that Ortiz, Velasco and Genao accepted and retained the benefit conferred," however, State Farm Mutual and State Farm Fire have alleged that they conferred benefits on Defendants and Defendants voluntarily accepted and retained these benefits.  (ECF No. 1 at ¶¶ 140-41).  These allegations are sufficient to surpass the *Iqbal/Twombly* standard, and Plaintiffs fully intend to "prove" the allegation the discovery and trial phases of the litigation.

## VIII.   THE CLAIMS ARE NOT TIME-BARRED.

Defendants argue that dismissal is appropriate because the unlawful activity Plaintiffs complain of was rendered from March 2008 through November 2011.  Although Defendants do not identify which claims, if any, are time-barred, they nonetheless suggest the Court must dismiss the claims. Their argument fails.

A "Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (reversing district court's grant of motion to dismiss on the statute of limitations). *See also Reisman v. General Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988) (reversing dismissal because the complaint "did not conclusively show" that Plaintiffs "knew or should have known" of the engines' defect.)  As a result, courts universally recognize that statute of limitation arguments cannot properly be decided on a Motion to Dismiss. *Morton's Mk't, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 825 (11th Cir. 1999) ("The commencement of the statute of limitations is a question of fact.")

Claims for unjust enrichment and declaratory relief are subject to the four-year and five-year statutes of limitations, respectively.  Fla. Stat. § 95.11(3)(k), (2)(b). Importantly, "the perimeters of this limitations period are appropriately defined by reference to the delayed discovery doctrine, *Hearndon v. Graham*, 767 So. 2d 1179 (Fla. 2000) (accrual of fraud claims delayed until plaintiff knew or reasonably should have known of injury) and the doctrine of equitable tolling. *Grossman v. Greenberg*, 619 So.2d 406 (Fla. 3d DCA 1993) (statute of limitations is tolled where defendant has engaged in fraudulent concealment)."  *Kugler*, 2011 WL 4389915, at *13 (denying provider's motion to dismiss insurer's claims for, *inter alia*, unjust enrichment because the delayed discovery and equitable tolling doctrine "implicate factual issues which the court cannot resolve.")

The Complaint alleges that Defendants jointly participated in a scheme to render unlawful services and submit bills for payment to State Farm Mutual and State Farm Fire, despite their knowledge that the services were not lawfully provided as required by Florida law. (ECF No. 1 at ¶¶ 131, 132, 133, 141).  The Complaint also alleges that Plaintiffs were not aware

AKERMAN LLP, 50 NORTH LAURA STREET, SUITE 3100, JACKSONVILLE, FL 32202-3646

that the services rendered and billed by Defendants were unlawful until December 2010 (or later), and that Defendants had concealed their scheme by submitting bills for services that indicated that the services were lawfully rendered.  (ECF No. 1 at ¶¶ 135, 136, 137).  Taking the allegations in the Complaint as true, the claims are well within the four and/or five year statute of limitations.  In short, the resolution of these issues cannot be resolved on a motion to dismiss.

## IX.   PLAINTIFFS HAVE NOT ALLEGED A DIRECT VIOLATION OF § 817.234 AND STATE FARM HAS STANDING TO BRING A CLAIM FOR UNJUST ENRICHMENT.

Defendants' argument that Plaintiffs do not have standing to assert an action under Fla. Stat. § 817.234 or §627.736 must be denied for the same reasons addressed in Section II above. The Complaint does not allege a direct cause of action or violation of Fla. Stat. § 817.234 or §627.736.  As set forth above, the Eleventh Circuit has held that Florida law recognizes a cause of action for unjust enrichment where, as here, Defendants were conferred and retained a benefit it was not otherwise entitled to in the first place.  *Silver Star*, 739 F.3d at 584.

Fla. Stat. § 817.234 states: "It shall constitute a *material omission* and *insurance fraud*, punishable as provided in subsection (11), for any service provider, other than a hospital, to engage in a general business practice of billing amounts as its usual and customary charge, if such provider has agreed with the insured or intends to waive deductibles or copayments, or does not for any other reason intend to collect the total amount of such charge."  Fla. Stat. § 817.234(7)(a) (emphasis added).  The failure of a service provider, such as B&A, to make "a good faith attempt to collect such deductible or copayment" as a regular business practice constitutes insurance fraud in violation of § 817.234 and, depending on the value of the property involved, a first to third degree felony.  *See* Fla. Stat. § 817.234(11)(a) – (c).  Florida's No-Fault Law further provides that "[a]n insurer is not required to pay a claim or charges for any service

or treatment *that was not lawful at the time rendered*." Fla. Stat. §627.736(5)(b)(1)(b) (emphasis added).

The Complaint alleges that, pursuant to the No-Fault Law, Plaintiffs were obligated to pay 80% of all reasonable charges; the remaining 20% was the responsibility of the patient to which B&A was obligated to make a good faith effort to collect. (ECF No. 1 at ¶ 63). Additionally, B&A had an obligation to collect from its patients any amounts for services rendered which represented charges within that patient's deductible. (*Id*. at ¶64). It is further alleged that B&A maintained the general business practice of waiving and/or failing to make a good faith effort to collect any copayments or deductibles in violation of Florida law (*Id*. at ¶67), and that B&A has not collected any copayments or deductibles from a single one of the 4,678 patients identified in the Complaint. (*Id*. at ¶ 68). Plaintiffs also allege they were injured by B&A's illegal practice by incurring charges for medical treatment which its insureds might not have sought if B&A had properly collected copayments and deductibles. (*Id*. at ¶ 69). Additionally, Defendants' retention of payments made for services that were unlawfully rendered because Defendants maintained an unlawful business practice gives rise to a claim for unjust enrichment. *Silver Star*, 739 F.3d at 584 ("If an entity accepts and retains benefits that it is not legally entitled to receive in the first place, Florida law provides for a claim of unjust enrichment.")

## X.   THE COMPLAINT'S ALLEGATIONS STATE A CLAIM UNDER *IQBAL/TWOMBLY.*

Defendants contend in Section VIII of their Motions that the Complaint fails to state a claim that is plausible on its face. (ECF No. 22 at p. 33). However, Defendants do not identify a single fact or set of facts that it contends are deficient. Defendants merely refer to its previous

arguments for dismissal and conclude that "it would be unconceivable for this court to find State Farm has a viable claim in this action." (*Id*. at p. 35).

Defendants conclusory contention that the Complaint fails to state a claim is insufficient to support dismissal of the action. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-36 (11th Cir. 1998) ("In seeking dismissal for failure to state a viable claim, a defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief.")  Defendants do not identify which elements of a claim for unjust enrichment are not supported by the facts, and fail to indicate how the Complaint is devoid of sufficient facts to support a claim for unjust enrichment.  Nonetheless, a review of the Complaint reveals that Defendants' position is false.

The Complaint, consisting of 157 separately enumerated paragraphs and 16 exhibits, methodically details the facts and law which supports its claim for unjust enrichment and for declaratory relief.   A cause of action for unjust enrichment includes the following elements: (1) plaintiff conferred a benefit on a defendant who has knowledge of that benefit; (2) defendant accepted and retained the benefit and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it.  *See State Farm Mut. Auto. Ins. Co. v. Kugler*, 11-80051, 2011 WL 4389915 (S.D. Fla. 2011) (citing *Fito v. Attorney's Title Ins. Fund, Inc.*, 83 So. 3d 755 (Fla. 3d DCA 2011)); *Medical Serv. Center of Florida, Inc.*, Case No. 1:14-CV-20625 (S.D. Fla. Sept. 15, 2014) (K.M. Moore) (ECF No. 33) (same).

The Complaint clearly contains the ultimate facts necessary to allege each element.  By way of example, Plaintiffs allege in detail that they conferred a benefit on Defendants who had knowledge of that benefit.  *See e.g.*, ECF No. 1 at ¶1 (B&A submitted claims to Plaintiffs for insurance payments which total in excess of $2,200,000); ¶126 (In reliance on the forms

submitted by Defendants, State Farm Mutual and State Farm Fire paid in excess of $1.5 million as indicated on Exhibits "D," "I," "M," and "O."); Exhibits "D," "I," "M," and "O." (a list of all claims and dollars each Plaintiff paid for services which were unlawfully rendered); *see also* ECF No. 1 at ¶¶ 131-133 (Defendants each participated in a scheme to evade the legal requirements for lawfully rendered services).

The Complaint further alleges that Defendants accepted and retained the benefits, *i.e.* the payments for services allegedly rendered to the Exhibits "D," "I," "M," and "O.". *See e.g.* Complaint at ¶ 141 ("Defendants voluntarily accepted and retained these benefits from State Farm, despite their knowledge that the services purportedly rendered by them were not "lawfully provided" as required by Florida law.")

Finally, Plaintiffs meticulously detail throughout the Complaint ultimate facts as to why the underlying charges submitted to State Farm Mutual and State Farm Fire by Defendants were unlawful, and why it would be inequitable for B&A to retain the payments made by them. *See e.g.*, Complaint at ¶¶20-28 (explaining Florida's Personal Injury Protection law and the statutory requirement that an insurer is not required to pay a claim for services unlawfully rendered); ¶¶ 29-48 (setting forth why the services rendered by Alvarez and Ortiz were not lawfully rendered to State Farm Fire insureds under the Florida Radiological Personnel Certification Act); ¶¶49-70, 105-22 (explaining B&A and its Medical Directors' duties under Florida law and identifying the factual basis for Plaintiffs' allegations that these Defendants completely failed to comply with Florida law); ¶¶71-122 (meticulously detailing the facts supporting when and how the Defendants failed to comply with Florida law); ¶¶123-138 (explaining how the unlawfully rendered services are noncompensable and recoverable).

AKERMAN LLP, 50 NORTH LAURA STREET, SUITE 3100, JACKSONVILLE, FL 32202-3646

If the services and treatments were not lawful at the time rendered, then they were not subject to reimbursement under the No-Fault Law, and Defendants have been unjustly enriched by the amount paid on such claims—despite the fact that the services were purportedly provided. *Silver Star*, 739 F.3d at 584 ("If an entity accepts and retains benefits that it is not legally entitled to receive in the first place, Florida law provides for a claim of unjust enrichment."); *State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc., 11-CV-1373-ORL-31GJ, 2011 WL 6450769* (M.D. Fla. 2011) ("State Farm is required to pay no-fault PIP benefits under Florida law, it is not required to pay PIP benefits for services which were unlawfully rendered"); Fla. Stat. § 627.732(11); Fla. Stat. § 627.736(5)(b)(1)(b).

Accordingly, Plaintiffs have sufficiently alleged a cause of action for unjust enrichment and declaratory relief and Defendants' conclusory and unsupported contention fails to satisfy its burden to "show" that Plaintiffs cannot prove any set of facts which would entitle them to relief.

## XI. THE COMPLAINT DOES NOT NEED A MORE DEFINITE STATEMENT.

Defendants finally contend that they are in need of a more definite statement because the Complaint fails to identify multiple categories of information related to the claims.  (ECF No. 22 at p. 35).  For example, B&A argues that the exhibits fail to differentiate services rendered by different employees, and fail to make a distinction as to which claims fall under the Genao or Alonso eras.  This is false.  As clearly labeled atop the exhibits, the exhibits to the complaint identify which services were rendered by Alvarez and Ortiz, and identify which claims fall under the relevant time period for the Genao and Alonso eras.  *See* Complaint at Exhibit D (Alvarez); I (Ortiz); M (Genao era); and O (Alonso era).  These exhibits also indicate whether the claim is by State Farm Mutual or State Farm Fire.

Defendants also contend that Plaintiffs did not include whether there were partial payments made or whether "there are outstanding amounts owed."  (ECF No. 22 at p. 35).  As an initial point, Plaintiffs allege that no payments for the services rendered by Defendants were ever owed and the amounts paid by State Farm Mutual and State Farm Fire should be returned. Therefore, whether or not Plaintiffs paid the full amount of the invoice is irrelevant.  Secondly, the information necessary to determine whether State Farm made a partial payment on a B&A bill is in Defendants' possession and equally attainable to them, and such information is not required to state "a short and plain statement".  *Twombly*, 550 U.S. at 555.  State Farm's Complaint is replete with underlying facts supporting each element of its cause of action. Plaintiff describes the reimbursement process under which it paid Defendants, alleges that Defendants had knowledge of the benefits they received, alleges the amount retained by Defendants, and alleges the inequity of retaining that amount given the allegedly unlawful rendering of the services paid for.  Accordingly, the Complaint is adequately pled.

*[The Remainder of This Page Intentionally Left Blank]*

AKERMAN LLP, 50 NORTH LAURA STREET, SUITE 3100, JACKSONVILLE, FL  32202-3646

## XII.  CONCLUSION

For all the foregoing reasons, the Motion to Dismiss should be denied.

Dated:  January 30, 2015                          Respectfully submitted,


By: /s/ Sandra L. Heller
David I. Spector (Fla. Bar No. 086540)
david.spector@akerman.com
Sandra L. Heller (Fla. Bar No. 037055)
sandra.heller@akerman.com
Nicholas J. Purvis (Fla. Bar No. 054268)
nicholas.purvis@akerman.com
**AKERMAN LLP**
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile: (904 798-3730

*Counsel for State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company*

## CERTIFICATE OF SERVICE

This is to certify that on January 30, 2015, the foregoing document is being served this day on all counsel of record identified on the attached Service List via Electronic Mail and US Mail.

*/s/Sandra L. Heller*
Sandra L. Heller (Florida Bar No. 037055)

## SERVICE LIST

Munir D. Barakat, Esq.
mdb@barakatlegal.com
BARAKAT LEGAL, P.A.
255 Alhambra Circle
Suite 900
Coral Gables, Florida 33134
786-472-1812 (phone)
786-545-7195 (fax)

*Attorneys for Defendants: B&A Diagnostics, Inc. n/k/a Oasis Medical Center Corp., C. Esteban Genao, M.D., Ernesto Alvarez Velasco and Jose Angel Ortiz Maza*

Michael Coscullela, Esq.
Cosculluela & Marzano
14211 Commerce Way
Suite 300
Miami Lakes, FL 33016-1555
305-828-1909 (phone)
305-503-6795 (fax)
mcosculluela@cmpalaw.com

*Attorneys for Defendant Alex Alonso, M.D.*