**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 14-cv-24387-KMM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE & CASUALTY COMPANY,

       Plaintiffs,

vs.

B&A DIAGNOSTIC, INC. n/k/a
OASIS MEDICAL CENTER CORP.,
ESTEBAN GENAO, ALEX ALONSO, M.D.,
ERNESTO ALVAREZ VELASCO, and
JOSE ANGEL ORTIZ MAZA,

       Defendants.

_____/

<u>**ORDER ON MOTIONS TO DISMISS**</u>

THIS CAUSE came before the Court upon Defendants' Motions to Dismiss (ECF Nos.

18, 19, 20, and 22), which are nearly identical.[1]  Plaintiffs State Farm Mutual Automobile

Insurance Co. and State Farm Fire & Casualty Co. (collectively, "State Farm" or "Plaintiff")

filed a Response (ECF No. 30).  The Motions are now ripe for review.  UPON

CONSIDERATION of the Motions, the Response, the pertinent portions of the record, and being

otherwise fully advised in the premises, for the reasons set forth below, the Court now enters the

following Order.

---

[1] The relevant motions are: Defendant Ernesto Alvarez Velasco's Motion to Dismiss (ECF No.
18); Defendant Esteban Genao's Motion to Dismiss (ECF No. 19); Defendant Jose Angel Ortiz
Maza's Motion to Dismiss (ECF No. 20); and Defendant B&A Diagnostic, Inc.'s Amended
Motion to Dismiss (ECF No. 22).  The only major differences between the motions are the
names referred to therein.  Accordingly, for ease of reference when the Court refers to specific
pages in Defendants' Motions to Dismiss it will be referring to Defendant Esteban Genao's
Motion to Dismiss (ECF No.19).

## I.      BACKGROUND

Florida law requires that Florida automobile insurance policy holders have Personal

Injury Protection coverage ("PIP") to provide victims of motor vehicle accidents benefits for

reasonable, necessary, related and lawful treatment, irrespective of fault.  Fla. Stat. § 627.30.

Florida law also sets forth what benefits are covered under PIP, stating that "the medical benefits

shall provide reimbursement only for such services and care that are lawfully provided,

supervised, ordered or prescribed . . . ."  Fla. Stat. § 627.736(1)(a).

State Farm's Complaint alleges that Defendants submitted claims for auto insurance

benefits for services that were unlawfully rendered to obtain insurance payments from State

Farm in excess of $2,200,000.  Compl., at ¶ 1 (ECF No. 1).  Specifically, Defendant B&A

Diagnostic, Inc. ("B&A") [2] failed to meet its obligations to employ a Medical Director that

complied with all applicable Florida law and failed to ensure that X-ray services performed on its

patients were performed by technicians that were properly employed, supervised, and lawfully

certified to perform those services in accordance with Florida law.  Id. at ¶¶ 2–3.  Additionally,

Defendants Esteban Genao ("Genao") and Alex Alonso, M.D. ("Alonso") failed to meet their

obligations to perform the statutory duties required of Medical Directors.  Id. at ¶ 4.  Finally,

Defendants Ernesto Alvarez Velasco ("Velasco") and Jose Angel Ortiz Maza ("Maza") failed to

meet their obligations to obtain the statutorily required certifications relating to radiological

services.  Id. at ¶ 5.

Defendant B&A is a Florida corporation operating as a health care clinic licensed by

Florida's Agency for Health Care Administration ("AHCA") and doing business at 8150 S.W.

8th Street in Miami.  Id. at ¶¶ 2, 10.  Defendant Genao was designated as the Medical Director

---

[2] In 2013, B&A filed a "Name Change Amendment" with the Florida Department of
Corporations, changing its name to "Oasis Medical Center Corp."  Hereinafter, Defendant B&A
n/k/a/ Oasis shall be referred to as "B&A."

for B&A from March 21, 2008 through March 31, 2010.  Id. at ¶ 14.  Defendant Alonso was

designated as the Medical Director for B&A from April 1, 2010 through November 16, 2011.  Id.

at ¶ 15.  Defendant Velasco was employed by B&A to perform X-ray scans on patients.  Id. at ¶

16.  Defendant Maza was employed by B&A from roughly July 2009 through in or about

November 2013 to perform X-ray services on patients.  Id. at ¶ 17.  All of the named Defendants

are citizens of Florida who reside in Miami-Dade County.  Id. at ¶¶ 14–17.

     State Farm makes numerous allegations in support of its claim that the services rendered

were unlawful and therefore non-compensable.  State Farm claims that in 2009 and 2010,

Defendant Velasco performed X-rays on patients, including State Farm insureds, without the

certification required by the Radiological Personnel Certification Act ("RPCA"), Florida Statute

§ 468.3001.  Id. at ¶¶ 73–76.  State Farm asserts that Defendants B&A, Genao, Alonso, and

Velasco knew or should have known that Velasco lacked certification from the Department of

Health, as required under the RPCA.  Id. at ¶ 83.  Additionally, State Farm claims that Defendant

B&A's employment of Defendant Maza, who held a certification from the State of Florida as a

Basic Machine Operator ("BMO"), was in violation of Florida law regulating the use of BMO's,

as it was a clinic owned by a layperson, and not the office of a licensed practitioner.  See id. at ¶

87; see also Fla. Stat. §§468.301(1) and 468.302(3)(a).  State Farm also contends that B&A and

its Medical Directors failed to make a good faith effort to collect deductibles and/or copays, in

violation of Florida law.  Id. at ¶¶ 61-70.

     State Farm claims that Defendants B&A, Genao, and Alonso failed to comply with the

requirements for a Medical Director set forth in the Health Care Clinic Act ("HCCA").  See

Compl. at ¶¶ 105–122.  Specifically, Defendant Genao did not enter into a written agreement

with B&A agreeing to accept legal responsibility for his statutory Medical Director duties.  Id. at

¶ 106.  Defendant Alonso did not enter into an agreement with B&A until March 15, 2011,

nearly one year after he was appointed B&A's Medical Director on April 1, 2010.  Id.  Further,
Defendants Genao and Alonso failed to ensure the technicians at B&A were lawfully employed,
supervised, and certified, failed to conduct systematic reviews of B&A's billings for unlawful
conduct, failed to provide day-to-day supervision of B&A, and failed to ensure the lawfulness
of B&A's billings.  Id. at ¶¶ 105-122.

On this basis, State Farm seeks to recover the amounts it paid to Defendants based on a
theory of unjust enrichment (Count I).  State Farm further seeks a declaratory judgment
confirming that State Farm is not obligated to pay any of Defendant B&A's bills, to the extent
they remain unpaid (Count II).

## II.    STANDARD OF REVIEW

On a motion to dismiss, the Court must accept the factual allegations as true and construe
the complaint in the light most favorable to the plaintiff.  SEC v. ESM Group, Inc., 835 F.2d
270, 272 (11th Cir. 1988).  "To survive a motion to dismiss, a complaint must contain sufficient
factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft
v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).
"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a
sheer possibility that a defendant has acted unlawfully."  Id.  "But where the well-pleaded facts
do not permit the court to infer more than the mere possibility of misconduct, the complaint has
alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"  Id. at 679.

A complaint must also contain enough facts to indicate the presence of the required
elements.  Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007).  However, "[a]
pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'"  Iqbal,
556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  "[C]onclusory allegations, unwarranted

deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.   ANALYSIS

Defendants move to dismiss State Farm's Complaint on a variety of grounds.  See generally Def.'s Mot. to Dismiss ("Mot.").  Defendants initially state that they move to dismiss the Complaint because this Court lacks subject matter jurisdiction over the administrative violations alleged by State Farm, id. at 4–12, and that the request for a declaratory judgment must be dismissed because State Farm impermissibly asks this Court to determine factual questions, id. at 12–16.  As explained below in more detail, these grounds are not persuasive. Defendants additionally assert that State Farm's claims are barred under the doctrine of res judicata, the Rooker-Feldman Doctrine, and the Colorado River Doctrine.  Id. at 16–25. Alternatively, Defendants state that State Farm's unjust enrichment claim against the individual Defendants should be dismissed, id. at 25–27; the statute of limitations bars State Farm's claims, id. at 27–31; and State's Farms Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, id. at 31–34.  As an alternative to dismissal, Defendants seek a more definite statement.  Id. at 34–35. The Court will address each argument to the extent that it warrants review.

### 1.   Subject Matter Jurisdiction

The Court first turns to Defendants' statement that the Court lacks subject matter jurisdiction over State Farm's claims because State Farm has alleged administrative violations on behalf of Defendants.  Id. at 4–12.  Defendants assert that State Farm does not have a private cause of action or right of enforcement under the HCCA, and asserts that State Farm's sole recourse is to report any suspicions of violations to the AHCA.  Id. at 7, 12.  However, it is well-

established that this Court has subject matter jurisdiction over State Farm's claims for unjust

enrichment and declaratory judgment.  See, e.g. State Farm Mut. Auto. Ins. Co. v. Med. Serv.

Ctr. of Florida, Case No. 1:14-cv-20625-KMM (S.D. Fla. Sept. 15, 2014) (ECF No. 33) (denying

motion to dismiss and finding subject matter jurisdiction existed on claims of unjust enrichment

and declaratory judgment); State Farm Ins. Co. v. Physicians Grp. of Sarasota, LLC, No. 8:13-

cv-1932-17, 2014 WL 1236240 (M.D. Fla. Mar. 25, 2014) (denying motion to dismiss and

permitting insurer's unjust enrichment and declaratory claims to proceed); see also State Farm

Mut. Auto Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc., No. 6:11-cv-1373-Orl-

31GJK, 2011 WL 6450769 (M.D. Fla. Dec. 21, 2011) (denying motion to dismiss and allowing

insurer's unjust enrichment claim to proceed and finding that "State Farm had a statutory right to

refuse to pay the claims submitted by Defendants while in violation of [Health Care Clinic Act]

licensing requirements.").

    Further, Defendants argument that State Farm may not predicate its causes of action

upon the Defendants' alleged violations of the HCCA is incorrect.  In State Farm Fire & Cas. Co.

v. Silver Star Health and Rehab, 739 F.3d 579 (11th Cir. 2013), the Eleventh Circuit found that

State Farm had a judicial remedy against the defendants for violations of the licensing

requirements under the HCCA.  Silver Star is also instructive on Defendants argument that State

Farm lacks standing to bring their claims.  By finding that State Farm had a judicial remedy

against defendants for violations of the HCCA, the court impliedly found that State Farm had

standing to bring its claims.  See Bochese v. Town of Ponce Inlet, 405 F.3d 965, 974

("[S]tanding is a threshold jurisdictional question which must be addressed prior to and

independent of the party's claims.") (internal citation omitted).

    Accordingly, this Court finds that it has subject matter jurisdiction over State Farm's

claims and State Farm has standing to bring its claims against Defendants.

2.  <u>Declaratory Judgment</u>

Next, Defendants state that the declaratory judgment action should be dismissed or Plaintiff must replead pursuant to Federal Rule of Civil Procedure 12(e).  Mot., at 12. Defendants maintain that State Farm impermissibly asks this Court to determine factual questions.  <u>Id.</u> at 12–13.  Defendants contend that neither state nor federal law authorizes this Court to issue what is essentially an advisory opinion regarding whether Defendants violated a state statute, and therefore, the declaratory judgment action should be dismissed.  <u>Id.</u> at 12–16.

However, Defendants have failed to address the numerous cases which have allowed plaintiffs to seek declaratory relief under similar circumstances.  <u>See, e.g.</u> <u>State Farm Mut. Auto. Ins. Co. v. Med. Serv. Ctr. of Florida</u>, Case No. 1:14-cv-20625-KMM (S.D. Fla. Sept. 15, 2014) (ECF No. 33) (denying motion to dismiss complaint alleging claims for declaratory relief, unjust enrichment, and FDUTPA based in part on the provider's violations of the HCCA); <u>Physicians Grp. of Sarasota</u>, 2014 WL 1236240, at *9 (denying motion to dismiss and permitting insurer's unjust enrichment, FDUTPA, and declaratory claims to proceed); <u>Silver Star</u>, 739 F.3d at 584 (holding that under Florida law an insurer was entitled to seek a declaratory judgment that it was not required to pay provider the amount of the outstanding bills based on violations of the HCCA).

Defendants note that the District Court of Appeal of Florida has held that a declaratory judgment action is improper under Florida law when the Court is asked to determine factual questions.  Mot., at 12–13.  It is true that Florida courts have found that "[t]he use of declaratory proceedings is not available where the object is to try disputed questions of fact as the determinative issue rather than to seek a construction of definite stated rights, status, or other relations."  <u>Wolf Sanitary Wiping Cloth, Inc. v. Wolf</u>, 526 So. 2d 702, 705 (Fla. Dist. Ct. App. 1988).  While the Court agrees that declaratory proceedings are improper when purely factual

7

questions are concerned, here, the Court finds that Plaintiff is seeking a declaration regarding its rights and obligations to pay B&A, in addition to the factual questions regarding whether violations of Florida law occurred.

Accordingly, this Court finds that State Farm's claim for a declaratory judgment is proper.

3. Doctrine of Res Judicata

Next, Defendants assert that the Complaint filed by State Farm in this case is "nearly word-for-word identical" to the one filed by State Farm in State Farm Mutual Automobile Insurance Company v. B&A Diagnostic, Inc., et al., Case No. 13-cv-24393-UU. Mot., at 16. In that case, filed in December 2013, State Farm originally named B&A Diagnostics Inc. n/k/a Oasis Medical Center Corp. and Ernesto Alvarez Velasco as Defendants. Id. In March of 2014, State Farm filed a Motion for Leave to Amend its Complaint, seeking to add State Farm Fire & Casualty Company as a plaintiff and Genao, Alonso, and Maza as additional defendants. Id. In April, the Honorable Judge Ursula Ungaro entered an Order on State Farm's Motion, wherein Judge Ungaro allowed State Farm to include additional factual allegations, but did not allow State Farm to name additional parties, as the Court found that State Farm could have included the parties in its original complaint but did not. Id. at 16–17. Defendants state that the parties entered into a settlement agreement in October and the case was dismissed with prejudice in November. Id. at 17. State Farm filed its Complaint in this case nine days after the Court entered the Final Order of Dismissal with Prejudice in the previous case.[3] Id.

_____

[3] Defendants attached the Final Order of Dismissal with Prejudice as Exhibit A to each Motion to Dismiss. However, no other documents in the record of that case, Case No. 13-cv-24393-UU, have been entered into evidence by Defendants.

The doctrine of res judicata holds that "[a] judgment on the merits constitutes a bar to any subsequent action on the same claim or demand, but operates as an estoppel only as to portions actually litigated and determined where the second action is on a different claim or demand, or is on the same claim or demand as against the same parties and others who were not parties before." McGregor v. Provident Trust Co. of Philadelphia, 162 So. 323, 329 (Fla. 1935).  The Florida doctrine of res judicata bars subsequent litigation where there is (1) identity of the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity of the quality or capacity of the person for or against whom the claim is made." Saboff v. St. John's River Water Mgmt. Dist., 200 F.3d 1356, 1360 (11th Cir. 2000).  Where the parties consent to a dismissal of the complaint based on a settlement agreement, the principles of res judicata continue to apply, albeit in a somewhat modified form, to the matters specified in the settlement agreement rather than the original complaint.  Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir. 2004).

A party may raise a res judicata defense by a Rule 12(b)(6) motion, rather than as an affirmative defense under Rule 8(c), where the defense's existence can be judged on the face of the complaint.  Concordia v. Benkekovic, 693 F.2d 1073, 1075 (11th Cir. 1982).  Where a party moves to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and matters outside the pleadings are presented to and not excluded by the court, the motion is to be treated as if it were a motion for summary judgment under Rule 56.  Id. at 1075; Moch v. E. Baton Rouge Parish Sch. Bd., 548 F.2d 594 (5th Cir.), cert. denied, 434 U.S. 859 (1977).  "Additional evidence, preferably a copy of the trial court's records, is required in order to apply the doctrine of res judicata in the context of either a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment."  Concordia, 693 F.2d at 1075.  "As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even

between the same parties, unless the prior proceedings are introduced into evidence." Id. at 1076 (citing Guam Inv. Co. v. Cent. Bldg., Inc., 288 F.2d 19 (9th Cir. 1961)).

Here, Defendants assert that State Farm "incontestably refers to the pertinent prior federal case in numbered paragraphs 114 and 117 of State Farm's Complaint;" that "exhibits 'A,' 'C,' 'F,' 'G,' 'H,' and 'Q' of State Farm's Complaint are identical to exhibits that were filed with the Amended Complaint in the pertinent prior federal case;" and that "exhibits 'K' and 'L' are transcript excerpts of depositions [of two of the named Defendants in the instant case] that were carried out in . . . the pertinent prior federal case." Mot., at 18. Defendants state that these references demonstrate that the subject matter from the previous federal case is intrinsic to State's Farms Complaint in the current case. Id.

Additional evidence, including the trial court's records and the settlement agreement, are required in order for the Court to apply the doctrine of res judicata. See Concordia, 693 F.2d at 1075. While Defendants' assertions suggest to the Court that the doctrine of res judicata may bar State Farm from reasserting its claims here, the Court cannot find that the elements of the doctrine of res judicata have been met at this time.

4. Rooker-Feldman Doctrine and the Colorado River Doctrine

A district court may decline to exercise jurisdiction under the Colorado River Doctrine only if the circumstances surrounding a dispute fit within the "extraordinary and narrow exception" of the abstention doctrine. Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 813 (1976). Specifically, Colorado River provides four factors for a district court to consider in deciding whether to relinquish a matter to state court when faced with parallel litigation: (1) which court first assumed jurisdiction over property; (2) the federal forum's inconvenience for the parties; (3) the relative importance in avoiding piecemeal litigation; and

(4) which forum exercised jurisdiction first.  <u>Physicians Grp. of Sarasota, L.L.C.</u>, 2014 WL

1236240.  "Abstention from the exercise of federal jurisdiction is the exception, not the rule."

<u>Colo. River</u>, 424 U.S. at 813.

       The <u>Rooker–Feldman</u> Doctrine prevents the federal district court from being used as an

alternate appellate jurisdiction.  <u>Nicholson v. Shafe</u>, 558 F.3d 1266, 1273 (11th Cir. 2009).  Its

use "is confined to . . . cases brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments."  <u>Id.</u> at 1273 (quoting <u>Exxon Mobil Corp.

v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)).

       Defendant seeks dismissal of any of State Farms claims which should have been included

in the settlement agreement between the parties in the previous federal case, Case No. 13-cv-

24393-UU, under both the <u>Colorado River</u> Doctrine and the <u>Rooker-Feldman</u> Doctrine.  Mot., at

21–25.  However, Defendants have failed to identify or present evidence of any state court

proceeding involved in this litigation.  Further, Defendants to do not identify any claim which

was the subject of any state court litigation.  Accordingly, the Court finds that neither the

<u>Colorado River</u> Doctrine nor the <u>Rooker-Feldman</u> Doctrine applies in this case.

    5.  <u>Failure to State a Claim for Unjust Enrichment</u>

       Defendants state that State Farm's claims fail to meet the various factors required by

Florida law in order to recover pursuant to a theory of unjust enrichment.  Mot., at 25.  The

elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on

the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the

benefit conferred; and (3) the circumstances are such that it would be inequitable for the

defendant to retain the benefit without paying the value thereof to the plaintiff.  <u>Altamonte</u>

Springs Diagnostic Imaging, Inc., 2011 WL 6450769, at *5.  Here, State Farm pled that it

conferred benefits on Defendants by making payments to them pursuant to illegal and improper

claims for benefits for its insureds.  Compl., at ¶¶ 1, 126.  Defendants voluntarily accepted and

retained those benefits from State Farm.  Id. at ¶ 141.  State Farm pled that Defendants' retention

of those benefits was wrongful and in violation of Florida law, and State Farm has been harmed

as a result.  Id. at ¶¶ 20–48; 71–138.  Accordingly, Defendants claim that State Farm has failed

to state a claim for unjust enrichment is without merit. [4]

Defendants also state that Plaintiff's unjust enrichment claim against the individual

Defendants should be dismissed because State Farm never conferred a direct benefit on these

Defendants.  Id. at 25–27.  Defendants assert that the only benefit the named Defendants

obtained from their services of the claimants were their wages paid to them by B&A.  Id. at 26.

Defendants do not, however, cite to any legal authority supporting their claim that an actual

direct benefit must be received.  On the other hand, there is significant case law holding that a

defendant is not required to individually receive payments in order for a cause of action for

unjust enrichment to exist.  See State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr.,

Inc., et. al., 427 F. App'x. 714, 722-23 (11th Cir. 2011) (finding that Florida law does not require

a "direct benefit" to flow to a defendant in order to be liable for unjust enrichment); see also

State Farm Fire & Cas. Co., et al. v. A&J Med. Ctr., Inc., et al., Case No. 14-cv-20066-CMA

(S.D. Fla. May 15, 2014) (ECF No. 51) (the fact that a defendant may have received PIP benefits

---

[4] Defendants also argue that State Farm alleges in its Complaint that Defendants committed
insurance fraud as defined by Florida Statute § 817.234, and that this claim should be dismissed
because State Farm lacks any standing to sue for a violation of this statute.  The Court finds that
State Farm has not alleged a direct cause of action or violation of § 817.234.  Rather, State Farms
claims are for unjust enrichment and a declaratory judgment, which are partially based on
Defendants' alleged failure to attempt to collect deductibles and copayments.  See Mot., at 20–
21.

indirectly and may not have had actual "knowledge of the benefits" is insufficient to compel

dismissal of the claim).

Accordingly, State Farm has adequately pled a cause of action for unjust enrichment.[5]

6. Statute of Limitations

Finally, Defendants assert that the statute of limitations bars State Farm's unjust

enrichment and declaratory action claims.  The relevant statute of limitations for an unjust

enrichment claim is four (4) years.  Fla. Stat. § 95.11(3)(k).  Therefore, Defendants state that as

State Farm filed its Complaint on November 19, 2014, any and all claims listed to support its

theory of unjust enrichment are barred prior to November 19, 2010, on account of the expiration

of the statute of limitations.  Mot. at 28.  Further, "legal or equitable action on a contract,

obligation, or liability founded on a written instrument" should be commenced within five (5)

years.  Fla. Stat. § 95.11(2)(b).  Defendants state that the statute of limitations for a declaratory

action began to run upon State Farm's denial of the actual PIP claims.  Mot., at 30.  Taking into

account the thirty-day period after which State Farm was notified of their breach, Defendants

state that any unpaid claims in which State Farm received notice of breach prior to October 18,

2009 are time-barred.  Id.

A "Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is

'apparent from the face of the complaint' that the claim is time-barred."  La Grasta v. First Union

Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Here, it is not apparent from the face of State

Farm's Complaint that the claims are barred by the statute of limitations.  While Defendants

appear to properly calculate the relevant dates when the statutes of limitations expire on State

Farm's claims, Defendants have failed to indicate which claims, if any, are time-barred.  At this

---

[5] The Court additionally denies Defendants request for a more definite statement, finding that the
Complaint is adequately pled.

13

point in time, the Court lacks the necessary information in order to determine whether any of State Farm's claims are indeed time-barred.

## V.      CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendants' Motions to Dismiss (ECF Nos. 18, 19, 20, and 22) are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of April, 2015.


_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:      All counsel of record

14