UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-24387-KMM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE & CASUALTY COMPANY,

      Plaintiff,

v.

B&A DIAGNOSTIC, INC., n/k/a OASIS
MEDICAL CENTER CORP., ESTEBAN GENAO,
ALEX ALONSO, M.D., ERNESTO ALVAREZ
VELASCO and JOSE ANGEL ORTIZ MAZA,

      Defendants.

_____/

### DEFENDANTS B&A DIAGNOSTIC, INC., ESTEBAN GENAO AND ERNESTO ALVAREZ VELASCO'S MOTION FOR FINAL SUMMARY JUDGMENT

1. Defendants, B&A Diagnostic Inc. ("B&A"), Esteban Genao ("Genao") and Ernesto Alvarez Velasco ("Velasco") (Collectively, "Defendants"), by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, hereby file their Motion for Summary Judgment. Accordingly, Defendants request this Court grant this Motion for Summary Judgment, and in support, states as follows:

### INTRODUCTION

2. Plaintiffs have filed this is an action for: Count I, unjust enrichment and Count II, declaratory relief. Plaintiffs, State Farm Mutual Automobile Insurance Company and its wholly owned subsidiary, State Farm Fire and Casualty Company (hereinafter collectively referred to as "State Farm") are domestic property and casualty insurers.

3. Defendant, B&A Diagnostic, Inc. n/k/a Oasis Medical Center, Corp. is a Florida corporation with its principal place of business in Miami, Florida. B&A operated as a health care clinic licensed by Florida's Agency for Health Care Administration ("AHCA"). Defendant, Esteban Genao (formerly Esteban Genao, M.D.,) served as the medical director for B&A from

1

March 21, 2008 through March 31, 2010. As of the date of this filing, Defendant, Alex Alonso, M.D. (hereinafter referred to as "Alonso") whom is independently represented in this matter, presently serves as the Medical Director of B&A and has done so since April 1, 2010. Defendant, Ernesto Alvarez Velasco was employed by B&A to perform various tasks, including x-ray services on patients. Velasco was employed at B&A from approximately June or July of 2009 through June or July of 2012. Defendant, Jose Angel Ortiz Maza ("Ortiz") was employed by B&A to perform various tasks including perform including x-ray services on patients. Ortiz was employed by B&A approximately from July 2007 through approximately 2013.

4. On November 19, 2014, State Farm filed its 32 page Complaint seeking an award of damages positing the allegation that Defendants, B&A, Genao, Alonso, Velasco and Ortiz have been unjustly enriched (State Farm dismissed its claim against Ortiz). State Farm is also seeking a declaratory judgment on the status of insurance claims set forth in several of the 17 exhibits attached to its Complaint, marked as Exhibits "A" through "Q." State Farm's allegations stem from the contention that Defendant, B&A, submitted to State Farm, non-compensable medical bills for allegedly "unlawful services" alleging that Defendants, B&A, Genao, Alonso, Velasco and Ortiz were ostensibly not in compliance with various licensing, administrative or statutory requirements. Also, State Farm additionally alleges that B&A maintained a general business practice of waiving applicable co-payments and/or deductibles.

5. This Motion shall elaborate that the entirety of State Farm's current lawsuit is barred by the Doctrine of Res Judicata. Further, this Motion shall demonstrate that many of State Farm's unjust enrichment claims are time-barred as State Farm's Complaint was filed after the expiration of the applicable four year statute of limitations. Additionally, the record demonstrates that B&A has never intended to, nor has ever agreed to waive any co-payments or deductible amounts.

**SUMMARY JUDGMENT STANDARD**

6. The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

2

matter of law." Fed.R.Civ.P. 56(c); *Cagle v. Bruner*, 921 F. Supp. 726, 729 (M.D. Fla. 1995). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

7. The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id*. at 325. "The moving party need not procure evidence to disprove the opponent's claim. *Bruner*, 921 F. Supp. at 729 (citing *Celotex Corp.*, 477 U.S. at 323). "To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e. affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial." *Lovette v. Happy Hooker II*, 2006 WL 66722, *1 (M.D. Fla. Jan. 11, 2006) (citing *Celotex Corp.*, 477 U.S. at 323).

## **RES JUDICATA:  STANDARD OF LAW**

8. The Florida Supreme Court has held that under the doctrine of *res judicata*, judgment rendered by a court of competent jurisdiction on the merits is a bar to any further suit between the same parties and/or their privies involving the same cause of action or subject matter. *McGregor v. Provident Trust Co. of Philidelphia*, 119 Fla. 718 (Fla. 1935). The Florida Supreme Court has also held that "the determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." *Albrecht v. State of Florida*, 444 So.2d 12 (Fla. 1984). Under Florida law, *res judicata* bars the re-litigation of a prior action when there is (1) identity of the thing sued for, (2) identity of the cause of action, (3) identity of the persons and parties to the action, and (4) identity of the quality or capacity of the person for or against whom the claim is made. *Saboff v. St. John's River Water Management District*, 200 F.3d 1356, 1360 (11th Cir. 2000).

9. Prior and present causes of action are considered to be the same under Florida law when they share a "similarity of facts essential to both actions." *Id.*; see *Kizzire v. Baptist Health System, Inc.*, 441 F.3d at 1309 (where the court upheld dismissal of a present federal claim regarding the reasonableness of medical bills on *res judicata* grounds, because of the prior entry of state court collection judgments). *Res judicata* bars not only causes of action actually raised in the prior action, but also claims and defenses that *could have been raised* [emphasis added]. See *Zikofsky v. Marketing 10, Inc.*, 904 So.2d 520, 523 (Fla. 4th DCA 2005).

### RES JUDICATA: BACKGROUND

10. In a prior action, *State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc. et al.*, 13-cv-24393-UU, State Farm sued B&A Diagnostic for damages based on the allegation that Defendant B&A Diagnostic, Inc. submitted auto insurance benefits claims for diagnostic X-Ray services that were unlawfully rendered to obtain insurance payments from State Farm. In the original Complaint filed on December 6, 2013, Plaintiff, State Farm Mutual Automobile Insurance Company named B&A Diagnostic, Inc. n/k/a Oasis Medical Center Corp. and Ernesto Alvarez Velasco as Defendants.

11. On March 28, 2014, State Farm filed its Motion for Leave to Amend its Complaint which attempted to add State Farm Fire & Casualty Company as a Plaintiff and Esteban Genao, M.D., Alex Alonso, M.D. and Jose Angel Ortiz Maza as additional Defendants. The Amended Complaint also contained additional factual allegations. On April 15, 2014, the Honorable Judge Ursula Ungaro entered an order denying State Farm's Motion for Leave to Amend its Complaint. In said order, the Court found that State Farm did not show good cause for leave to name the additional parties as State Farm could have included the additional parties in its original complaint but did not. The Court did however, allow State Farm to include the additional factual allegations. On April 18, 2014, Plaintiff, State Farm filed its Motion for Clarification and/or Reconsideration regarding the April 15, 2014 Court Order denying State Farm leave to amend to include the additional parties. On May 1, 2014, the Honorable Judge Ursula Ungaro entered an order flat-out denying State Farm's Motion for Clarification and/or Reconsideration. The Court specified, for a second time, that State Farm was not afforded leave to amend its Complaint to add any Plaintiffs or Defendants. On May 5, 2014, State Farm filed its Amended Complaint which included Exhibits "A" through "L."

12. On October 6, 2014, State Farm and B&A Diagnostic, Inc. entered into a settlement agreement (Please see Settlement Agreement attached as EXHIBIT A). On November 10, 2014, the Honorable Ursula Ungaro entered a Final Order of Dismissal With Prejudice in the matter of *State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc. et al.*, 13-cv-24393-UU (Please see Final Order of Dismissal With Prejudice attached as EXHIBIT B). Nine days after the Court entered the Final Order of Dismissal with Prejudice in the pertinent prior federal case, Plaintiff, State Farm filed its complaint in the instant case, suing B&A once again for identical causes of action under the same legal theories.

## RES JUDICATA: ANALYSIS

13. Here, the requisite elements to preclude State Farm from re-litigating its claim are present. There is identity of the thing sued for in monetary damages regarding the medical bills; identity of the persons and parties to the action; and identity of the quality or capacity of the person for or against whom the claim is made. There is also identity of the causes of action, as this case and the prior federal case indisputably share a similarity of facts, that is, the circumstances regarding B&A's medical bills as well as the allegations that Esteban Genao, Alex Alonso, M.D., Ernesto Alvarez Velasco and Jose Angel Ortiz Maza failed to perform any statutory duties. State Farm has asserted the *same* legal theories in the current case as it did in *State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc. et al.*, 13-cv-24393-UU by which to seek damages, interest and costs that could have and should have been included as part of its prior federal lawsuit. At the time State Farm filed its Complaint in 13-cv-24393-UU, it could have also brought and should have also brought forth any such allegations as it now makes regarding the alleged waiver of applicable co-payments and/or deductibles.

14. The complaints filed by State Farm in each matter are nearly *word-for-word identical* to each other. State Farm initiated litigation in *State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc. et al.*, 13-cv-24393-UU in December of 2013 and was aware of every issue and allegation now brought before this Honorable Court in the instant case which was either directly litigated or could have been litigated in that prior federal lawsuit. Further, the Court within that prior lawsuit ruled that State Farm could have and should have added State Farm Fire & Casualty Company as a Plaintiff as well as Esteban Genao, M.D., Alex Alonso, M.D. and Jose Angel Ortiz Maza as additional Defendants in State Farm's *original* complaint; However, because State Farm failed

5

to include said parties in their original complaint - when they were *fully aware* of all justiciable issues regarding said parties prior to the filing of its original Complaint - the Court in that lawsuit did not allow them to add said parties in State Farm's Amended Complaint. Currently, State Farm is in the midst of having its second bite at the apple as it has dragged Defendants back into the Federal arena resulting in expensive and duplicative piecemeal litigation.

15. A review of the Complaint/Exhibits from *State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc. et al.*, 13-cv-24393-UU- the prior federal case - clearly demonstrates that the current lawsuit and the prior federal lawsuit contain the same causes of action and/or subject matter and that the facts or evidence necessary to maintain the current lawsuit are the *same in both actions*. Although the procedural posture of the prior federal case indicates that one Federal Court Judge previously *denied* State Farm's attempt to add State Farm Fire & Casualty Company as a Plaintiff and Esteban Genao, M.D., Alex Alonso, M.D. and Jose Angel Ortiz Maza as additional Defendants, State Farm has now undermined the Federal Court's ruling by filing the instant lawsuit, once again attempting to bring the same issues before the this court. State Farm's most recent attempt to litigate the same issues against the Defendants they failed to include in the prior litigation amounts to nothing more than piecemeal litigation, and an irrefutable application of the Doctrine of Res Judicata. As a matter of law, it is unquestionable that the "same evidence substantially supports both suits." *Kizzire*, 441 F.3d at 1309.

16. The applicability of the Doctrine of Res Judicata in this current lawsuit was previously addressed by this Court in its April 3rd, 2015 order on Defendant's Motion to Dismiss (Please see April 3rd, 2015 Court Order attached as EXHIBIT C). Regarding the issue of res judicata, this Court stated that "additional evidence, including the trial court's records and the settlement agreement, are required in order for the Court to apply the doctrine of res judicata (citing *Concordia v. Benkekovic*, 693 F.2d at 1075). In an effort to accommodate this Court, Defendants have submitted a Notice of Filing the Complete Court Record of *State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc. et al.*, 13-cv-24393-UU, in support of Defendant's Motion for Summary Judgment (Please see Notice of Filing attached as EXHIBIT D, inclusive of subparts 1-5).

17. The similarities between both of State Farm's lawsuits against B&A are undeniable. Specifically, this current lawsuit was filed by the *same* Plaintiff against the *same* Defendant (now including those State Farm failed to add in the prior suit), seeking the *same* relief on the basis of the *same* evidence and the *same* legal arguments. In 2013, State Farm was unquestionably fully

aware of every issue now before this Court and should have brought forth *all* of its claims and included *all* potential parties in its first lawsuit. This is made abundantly clear through State Farm's failed attempts to include all the named Defendants in its prior lawsuit. State Farm failed to include all the potential parties in the previous lawsuit, and failed to set forth all its claims initially.  Thus, it would not be in the interest of justice to allow State Farm to prosecute this current lawsuit, as merely a second attempt to seek the same relief sought previously, as this lawsuit is barred by the Doctrine of Res Judicata.

## STATUTE OF LIMITATIONS

18.   Should the Court not be inclined to grant Defendant's Motion for Summary Judgment in accordance with the Doctrine of Res Judicata,  Defendant posits that a multitude of the claims that make up the basis of State Farm's count for unjust enrichment are time-barred, and thus non-compensable.  The statute of limitations for State Farm's unjust enrichment claim is four years. Fla. Stat. § 95.11(3)(k); *Merle Wood & Associates, Inc. v. Trinity Yachts, LLC*, 857 Supp. 2d 1294 (S.D. Fla. 212).  In its Order on Defendant's Motion to Dismiss, this Court stated that "while Defendants appear to properly calculate the relevant dates when the statutes of limitations expire on State Farm's claims, Defendants have failed to indicate which claims, if any, are time-barred" and that "at [that] point in time, the Court lack[ed] the necessary information in order to determine whether any of State Farm's claims are indeed time-barred (Please see EXHIBIT C).

19.   The instant lawsuit involves over 4,000 claims.  For the convenience of the Court, Defendants have attached Exhibit E to the instant motion, which lists every claim for unjust enrichment set forth by State Farm, which are time-barred by the statute of limitations due to the checks being cashed prior to November 19, 2010 (Please see List of Time-Barred Claims attached as EXHIBIT E).  In attempts to facilitate this Court's review of said specified claims, Defendants have also attached the corresponding checks that were issued by State Farm to B&A, as were provided to Defendants through the discovery process of this litigation (Please see State Farm Checks Cashed prior to 11/19/2010 attached as EXHIBIT F inclusive of subparts 1-7). Every check contained in Exhibit F, was extracted from State Farm's responses to Defendant's Request for Production dated May 19, 2015, that was comprised of approximately over 10,000 pages. Each draft will show the date this check was cashed, and thus support the position that the

Statute of Limitation has run, and thus these claims for Unjust Enrichment are non-compensable, contrary to the allegations made by State Farm.

20. In addition to the claims that are absolutely time-barred, as depicted above, there are several other claims that are also non-compensable for other reasons. For ease of reference, Defendant has provided a list of claims wherein the drafts were issued by State Farm prior to the date that would trigger the expiration of the Statute of Limitations, namely November 19, 2010. (Please see List of Claims Wherein Checks Issued Prior to 11/19/2010 attached as EXHIBIT G; and Checks Issued Prior to 11/19/2010 as EXHIBIT H inclusive of subparts 1-2). For ease of reference, Defendant has also provided the corresponding drafts issued by State Farm, clearly depicting the issued date being prior to November 19, 2010. These specified claims, do not clearly depict the date upon which the checks were cashed, as the bank that conducted the transaction did not print, nor stamp said date on the check, as was done in the claims contained above in Exhibits E and F. To date, State Farm has failed to supplement this Court's record with any additional proof of the date on which checks were cashed, and thus have not fully nor adequately supported their allegation for unjust enrichment for these claims. It is arguable that since the checks were issued prior to the cut-off date of November 19, 2010 it is more likely than not that they were cashed prior to said date, and thus make these claims non-compensable as well. Should this Court find said matters not ripe for determination in the instant motion for summary judgment, Defendant prays this court reserve on these claims until further information is provided.

21. Unfortunately, upon review of State Farm's responses to Defendant's Request for Production, namely checks issued to B&A for the claims within this lawsuit, there were various checks that where unidentifiable. State Farm provided checks with a slew of erroneous and/or missing information and unverifiable data. Specifically, B&A received checks that did not have any patient information contained therein, and thus Defendant was unable to associate the check with any claim within this lawsuit. Some checks contained the patient's information; however the amounts depicted did not coincide with the amounts set forth by State Farm in the Exhibits to its Complaint. State Farm's production even included checks made payable to other providers, not B&A, and thus absolutely not a part of this lawsuit. For ease of reference, Defendant has provided this Court with a list of claims that will be categorized "unidentifiable claims" for the various errors, including but not limited to the aforementioned (Please see Unidentifiable Claims

attached as EXHIBIT I).  Defendant has also provided this court with the checks selected from State Farm's responses to Request for Production that Defendant has deemed "unidentifiable" (Please see Unidentifiable Checks attached as EXHIBIT J inclusive of subparts 1-2).  Defendant will not further burden the court by detailing the errors, however, Defendant does pray this court note that the sums of these checks contained in Exhibits I and J, lack the foundation and information to be made part of State Farm's claims for unjust enrichment.

22.   Under the general rule, "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues."  Fla. Stat.§ 95.031(1).  Under Florida law, a cause of action for unjust enrichment does not begin to accrue for limitations purposes until defendant knowingly and voluntarily accepts the benefits bestowed upon him."  *L. Fowler v. C. Towse*, 900 F.Supp. 454 at 460 (S.D. Fla.).  Accordingly, the date upon which B&A cashed the pertinent drafts and accepted the payment from State Farm for each respective claim is the date upon which the statute of limitations began to run for each respective claim.  As set forth in Exhibit E, the drafts for the listed claims were cashed prior to November 19, 2010 and State Farm's cause of action for unjust enrichment on said claims accrued more than four years before the filing of its November 19, 2014 Complaint.

23.   State Farm is currently seeking damages on the theory of unjust enrichment in the amount of $1,550,349.66.  However, in accordance with the relevant case law on unjust enrichment, Exhibits E and F demonstrate that the statute of limitations time-bars State Farm from pursuing $573,853.33.  In addition, the sums of Exhibits G and H, amounting to $293,823.64, are also likely to be time-barred, yet the dates of cashing are undetermined at this time.  Lastly, Exhibits I and J, totaling $143,570.00, lack the information required to make any such determination at this time.

## CO-PAYMENT / DEDUCTIBLE

24.   As cited within State Farm's Complaint, Florida Statute § 817.234 (7)(a) states that "it shall constitute a material omission and insurance fraud, punishable as provided in subsection (11), for any service provider, other than a hospital, to engage in a general business practice of billing amounts as its usual and customary charge, if such provider has agreed with the insured or intends to waive deductibles or copayments, or does not for any other reason intend to collect the total amount of such charge.  With respect to a determination as to whether a service provider

9

has engaged in such a general business practice, consideration shall be given to evidence of whether the physician or other provider made a good faith attempt to collect such deductible or copayment."

25. Here, State Farm is alleging, upon mere information and belief, that B&A had a general business practice of waiving and/or failing to make a good faith effort to collect any copayments or applicable deductibles from its patients "thereby committing insurance fraud as defined by Fla. Stat. § 817.234(7)(a). However, State Farm fails to present to the Court any evidence that B&A had any such business practice or even a scintilla of evidence from a single one of its insureds stating that B&A agreed to waive any co-payments and/or applicable deductible amounts as alleged in State Farm's Complaint. In fact, contrary to State Farm's allegations, the evidence in this case demonstrates that B&A did not have any such business practice of waiving copayments and/or applicable deductibles and that B&A in fact made good faith attempts to collect said amounts (Please see Declaration of Felipe Aguilar attached as EXHIBIT K).

26. Additionally, Florida Statute § 817.234 (5) states that "any insurer damaged as a result of a violation of any provision of this section *when there has been a criminal adjudication of guilt* shall have a cause of action to recover compensatory damages…[emphasis added]. Defendants have never been accused of criminal wrongdoing regarding the co-payment/deductible issue nor has there been any criminal adjudication of guilt and thus, State Farm is not entitled to any relief pursuant to Florida Statute § 817.234 (5).

## CONCLUSION

WHEREFORE, for all of the reasons set forth herein, Defendants respectfully request that this Court:(1) grant Defendant's Motion for Summary Judgment, whole or in part; and (2) grant Defendants their reasonable expenses including attorney's fees incurred in defending this Motion as well as any further relief the Court deems just and proper.

Dated: August 28, 2015

Miami, Florida

        Respectfully submitted,

        By: /s/ Munir D. Barakat
        MUNIR BARAKAT, ESQ.
        Florida Bar Number: 17642
        **BARAKAT LEGAL, P.A.**
        Attorney for Defendant
        255 Alhambra Circle, Suite 900
        Coral Gables, FL  33134
        Telephone: (786) 472-1812
        Facsimile:  (786) 545-7195
        Email: mbarakat@barakatlegal.com
        ***Counsel for B&A Diagnostic, Inc., Esteban Genao, Ernesto Alvarez Velasco and Jose Ortiz Maza***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF.

        /*s/ Munir D. Barakat*
        Munir D. Barakat (Florida Bar No. 17642)

**SERVICE LIST**

Sandra Lynn Heller
Akerman LLP
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
954-463-2700
Email: sandra.heller@akerman.com
*Attorney for Plaintiff*


Nicholas J. Purvis
Akerman LLP
222 Lakeview Avenue
Suite 400
West Palm Beach, FL 33401
561-653-5000
Email: nicholas.purvis@akerman.com
*Attorney for Plaintiff*


David Ira Spector
Akerman LLP
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
561-653-5000
Email: david.spector@akerman.com
*Attorney for Plaintiff*


Michael Coscullela, Esq.
Cosculluela & Marzano
14211 Commerce Way, Suite 300
Miami Lakes, FL 33016-1555
305-828-1909 (phone)
305-503-6795 (fax)
mcosculluela@cmpalaw.com
*Attorneys for Defendant Alex Alonso, M.D.*