UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) ) CASE NO. 14-24387-KMM |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| B&A DIAGNOSTICS, INC. n/k/a/ OASIS MEDICAL CENTER CORP., ESTEBAN GENAO, ALEX ALONSO, M.D., ERNESTO ALVAREZ VELASCO and JOSE ANGEL ORTIZ MAZA, | ) ) ) ) ) ) |
| Defendants. _____/ | ) |

**DEFENDANT ALEX ALONSO, M.D.'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, ALEX ALONSO, M.D. (hereinafter "ALONSO"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, hereby moves for Summary Judgment against Plaintiffs, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE & CASUALTY COMPANY ( hereinafter collectively known as "STATE FARM"), and in support, states as follows:

**INTRODUCTION**

On 12/06/2013, in this District, Plaintiff State Farm Mutual Automobile Insurance Company (hereinafter "State Farm Mutual") instituted litigation against Defendants, B&A Diagnostic, Inc. n/k/a Oasis Medical Center (hereinafter "B&A") and Ernesto Alvarez Velasco (hereinafter "Velasco"), seeking recovery for unjust enrichment and declaratory relief based on B&A's purported collection of unlawful payments for x-ray services that were performed in

contravention of Florida law – specifically, Florida Motor Vehicle No-Fault Law, Fla. Stat. §§627.30 *et. seq.* (2009-2011); The Radiological Personnel Certification Act ("RCPA") Fla. Stat. §§468.3001 *et. seq.* (2009-2011); and The Health Care Clinic Act §§400.990 *et. seq.* (2009-2011). *See* Complaint [D.E. 1], *State Farm Mutual Automobile Insurance Company v. B&A Diagnostic*, Case No. 1:13-cv-24393-UU (S.D. Fla. 2013) (hereinafter "Original Complaint"), attached as Ex. "1".

On 3/28/2014, State Farm Mutual filed a Motion to Amend the Complaint seeking to add its fellow subsidiary State Farm Fire & Casualty (hereinafter "State Farm F&C") as a co-Plaintiff and to add ALONSO, Esteban Genao (hereinafter "Genao"), and Jose Angel Ortiz Maza (hereinafter "Maza") as co-Defendants. *See* Motion to Amend [D.E. 32], *State Farm Mutual Automobile Insurance Company v. B&A Diagnostic*, Case No. 1:13-cv-24393-UU (S.D. Fla. 2013) (hereinafter "Motion to Amend Original Complaint"), attached as Ex. "2".

Judge Ursula Ungaro (hereinafter "Judge Ungaro"), granted State Farm Mutual's Motion to Amend as it pertained to the allegations and to the numerical damage amount. However, Judge Ungaro denied State Farm Mutual's Request to add State Farm F&C, ALONSO, Genoa, and Maza as parties, *See* Order [D.E. 36], *State Farm Mutual Automobile Insurance Company v. B&A Diagnostic*, Case No. 1:13-cv-24393-UU (S.D. Fla. 2013), (hereinafter "Ungaro Order on Motion to Amend"), attached as Ex. "3".

State Farm Mutual Automobile Insurance Company filed its First Amended Complaint on 5/5/2014. *See* First Amended Complaint [D.E. 47], *State Farm Mutual Automobile Insurance Company v. B&A Diagnostic*, Case No. 1:13-cv-24393-UU (S.D. Fla. 2013) (hereinafter "Complaint II"), attached as Ex. "4".

2

Subsequently, State Farm Mutual and Defendants, B&A and Velasco, settled the case via a joint stipulation and Judge Ungaro entered an Order to Dismiss with Prejudice on 11/12/2014. Executed Joint Stipulation of Voluntary Dismissal with Prejudice [D.E. 115], *State Farm Mutual Automobile Insurance Company v. B&A Diagnostic*, Case No. 1:13-cv-24393-UU (S.D. Fla. 2013); Final Order of Dismissal with Prejudice [D.E. 116], *State Farm Mutual Automobile Insurance Company v. B&A Diagnostic*, Case No. 1:13-cv-24393-UU (S.D. Fla. 2013), attached as Comp. Ex. "5".

The following memorandum of law provides three bases to support the dismissal of the current suit in its entirety. First, the doctrine of *red judicata* bars STATE FARM from proceeding with the current litigation. Second, STATE FARM is collaterally estopped from bringing the current suit against ALONSO. Third, STATE FARM's unjust enrichment claims for payment amounts incurred prior to 11/19/2010 are barred by the statute of limitations.

## MEMORANDUM OF LAW

### I. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party "bears the initial responsibility of informing the district court of the basis for the motion" and identifying those portions of the record that "demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Once the moving party has established the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and by his own "affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts

3

showing that there is a genuine issue for trial.'" *Id.* at 324. The non-moving party must rely on more than conclusory statements of allegations unsupported by facts. E*vers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).

## II. RES JUDICATA BARS STATE FARM FROM PROCEEDING WITH THE SUBJECT LITIGATION

### i. *Res Judicata: Standard of Law*

*Res judicata* precludes claims which a plaintiff could have raised in a prior suit when: (1) there is a final judgment in the prior suit; (2) the decision in the prior suit is rendered by a court of competent jurisdiction; (3) the parties in both suits are identical; and (4) both suits involve the same cause of action. *See O'Conner v. PCA Family Health Plan, Inc.,* 200 F.3d 1349 (11th Cir. 2000). The Eleventh Circuit has explained that for purposes of *res judicata* "if a case arises out of the same nucleus of operative fact...as a former action, [then] the two cases are really the same 'claim' or 'cause of action.'" *See Id.* at 1355. *Res judicata* is not only a bar to the precise legal theory presented in the previous litigation, but **to all legal theories and claims arising out of the same nucleus of operative fact.**" *Mashburn v. Royal Caribbean Cruises, Ltd.,* 2002 U.S. Dist. LEXIS 3999 (S.D. Fla. March 1, 2002) (emphasis added). "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *In re Piper Aircraft Corp.,* 244 F.2d 1289 (11th Cir. 2001).

### ii. *Res Judicata* Bars State Farms' Claims Because a Court of Competent Jurisdiction Previously Entered a Final Judgment on the Merits Between Parties Identical to This Suit.

It is undisputed that Judge Ungaro entered Final Order of Dismissal with Prejudice against the named Defendants, B&A and Velasco in Case No. 1:13-cv-24393-UU which was previously litigated in this Circuit**.** Final Order of Dismissal with Prejudice [D.E. 116], *State Farm Mutual Automobile Insurance Company v. B&A Diagnostic*, Case No. 1:13-cv-24393-UU (S.D. Fla. 2013)*,* attached as part of Comp. Ex. "5". In the previous case, Judge Ungaro properly

exercised *in personam* jurisdiction over STATE FARM and ALONSO, an agent of and party in privity with B&A, and the Court had subject matter jurisdiction over the claims pursuant to Title 28 U.S.C. §§ 1332. Obviously here, State Farm has sued the same Defendants. As a result, a Court of competent jurisdiction presided over parties identical to the instant case, thus satisfying the first two *res judicata* factors.

In addition, the law plainly holds that dismissal with prejudice constitutes a final adjudication on the merits. *See, e.g., Bohdziun*, 143 Fed. Appx. at 289 (holding, "[a] dismissal with prejudice . . . constitutes a final adjudication on the merits"); *Warfield v. Allied Signal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001) (holding, "[a] voluntary dismissal with prejudice operates as a final adjudication on the merits and has a *res judicata* effect"); *Chanell v. Gulf Operators, Inc.*, No. 89-5391, 1990 U.S. Dist. LEXIS 3090, at *2 (E.D. La. March 16, 1990) (holding, "[a] dismissal with prejudice is a complete adjudication and a bar to a further action between the parties"). Moreover, a dismissal with prejudice that originates from the consent of the parties adds a "legitimating force" to the dismissal with prejudice. *Johnson v. Walgreen Co.*, 2007 U.S. Dist. LEXIS 12980, at *5 (S.D. Fla. Feb. 26, 2007).

Accordingly, the Court entered an Endorsed Order dismissing the case with prejudice based on the parties' agreement. Thus, an express dismissal with prejudice that originated from the consent of the parties acts as a final adjudication on the merits and precludes State Farm from bringing the current claim – which is clearly a successive claim.

    iii.    **Res Judicata Bars Plaintiff's Claims Because the Two Cases Involve the Same Causes of Action**.

The third issue is whether the two cases involve the "same causes of action." *Res judicata* exists because the "full and fair opportunity to litigate protects a party's adversaries from the expense and vexation [of] attending multiple lawsuits, conserves judicial resources, and

5

fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Dinkins v. Leavitt*, 2008 U.S. App. LEXIS 22847, at *10 (11th Cir. Nov. 5, 2008) (internal citation omitted). Moreover, "a party is not at liberty to split up his demand and prosecute it by piecemeal . . . . There would be no end to litigation if such a practice were permissible." *Astron Indus. Ass'ns., Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 960 (5th Cir. 1968).[1] To prevent such inefficiency, therefore, courts determine whether multiple cases involve the "same causes of action" by looking to whether the cases arise out of the "same nucleus of operative fact, or [are] based upon the same factual predicate." *See, e.g., Horton v. Metropolitan Life Ins. Co.*, 459 F. Supp. 2d 1246, 1250 (M.D. Fla. 2006) (Merryday, J.). The Court of Appeals for the Eleventh Circuit, in discussing identity of claims, held that:

> *Res judicata* applies "not only to the precise legal theory presented in the previous litigation, **but to all legal theories and claims arising out of the** [*8] **same 'operative nucleus of fact**.'" [*NAACP v.] Hunt*, 891 F.2d [1555,] 1561 [11th Cir. 1990] (**despite variations in legal theories used and remedies sought, second suit barred because wrongful act in both cases was flying Confederate flag atop state capitol**) (quoting *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984)); *Jaffree v. Wallace*, 837 F.2d 1461, 1468 (11th Cir. 1988) (second suit barred because "both cases raised first amendment (free exercise and establishment clause) **challenge to the use of textbooks and teachings on various subjects**"); *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) (section 1983 action against city that refused to hire plaintiff as fire fighter due to her sex precluded by earlier Title VII action on same facts).

*Manning v. City of Auburn*, 953 F.2d 1355, 1358-59 (11th Cir. 1992) (internal citations in original; emphasis added).

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

In addition to barring claims brought in a prior action, *res judicata* prohibits claims that "could have been raised" previously. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003).

Here the Amended Complaint and the current Complaint are nearly identical. For example, in the present action as in the former action, State Farm Mutual & State Farm F&C sue for unjust enrichment and declaratory relief arising out of Defendants receipt of unlawful payments for x-ray services that were rendered in violation of Florida law. The allegations in tboth he Complaints are the same - that Velasco lacked certification; that Maza was unlawfully employed and supervised by B&A and its medical directors, ALONSO and Genao; and that the medical directors, ALONSO and Genao failed to comply with the duties imposed on them by the Health Care Clinic Act. Amended Complaint ¶¶71-110 [D.E. 47], Ex. "4" and Complaint ¶¶49-101[D.E. 1], *State Farm Mutual Automobile Insurance Company v. B&A Diagnostic*, Case No. 1:14-cv-24387-KMM (S.D. Fla. 2014) (hereinafter "current Complaint" or "subject Complaint"), attached as Ex. "6".

This Court has held that to determine whether successive claims "could have been brought" in the previous case one simply looks at the same underlying core of facts of both proceedings. *See Eby v. Jacobs Civil, Inc.*, No. 3:05-cv-394-J-32TEM, 2006 U.S. Dist. LEXIS 45966, *29-30 (M.D. Fla. July 6, 2006) (Corrigan, J). In this case, the underlying facts are identical – even the causes of action are identical. Plaintiffs, State Farm Mutual and State Farm F&C seek declaratory relief and recovery under an unjust enrichment theory for Defendants alleged receipt of insurance proceeds recovered in violation of Florida law. This Court must apply the *Eby* court's holding here and enter a judgment in favor of ALONSO as STATE

FARM's newly styled causes of action derive from the same nucleus of operative facts as the previously settled lawsuit.

### iv. *Res Judicata* Bars Plaintiff's Claims Because the Parties are Identical or Could Have Been Brought at the Time of the Initial Complaint and Were Not

As stated previously, on 3/28/2014, State Farm Mutual filed a Motion to Amend the Complaint seeking to add its fellow subsidiary State Farm F&C as a co-Plaintiff and to add ALONSO, Genao, and Maza as co-Defendants. *See* Motion to Amend Original Complaint", Ex. "B".  Judge Ungaro, granted State Farm Mutual's Motion to Amend as it pertained to the allegations and to the numerical damage amount. However, Judge Ungaro denied State Farm Mutual's Request to add the additional co-Plaintiff, State Farm F&C and the three Defendants, ALONSO, Genoa, and Maza stating in pertinent part,

> Plaintiff's proposed Amended Complaint maintains the same two causes of action as originally alleged for unjust enrichment and declaratory relief. D.E. 32-1.  The Amended Complaint contains additional factual allegations and names three additional Defendants who were employed by B&A Diagnostic, Inc. D.E. 32-1.  Plaintiff previously explained that it was still reviewing documentation surrounding 509 separate claims as of March 6, 2014. D.E. 29. ***Plaintiff does not explain in the present Motion, however, why these additional defendants were not named in Plaintiff's original Complaint. Proposed Defendants Genao and ALONSO were deposed by Plaintiff in a different action in April, 2011, D.E. 32-1 at 17, and they are named in the documents attached to Plaintiff's original Complaint, D.E. 1-4 at 4, 5, 19-25. The Court finds that Plaintiff has not shown good cause for granting leave to name additional parties.***

*See* Ungaro Order on Motion to Amend, Ex. "3".

State Farm Mutual & State Farm F&C have failed to add any new facts in the current Complaint that differ from the Original Complaint and the Amended Complaint in the previous action.  *See* Exs. "1", "3 and "6".

State Farm Mutual tried to incorporate the current parties in the previous suit and Judge Ungaro found that State Farm did not provide sufficient evidence to explain "***why these***

*additional defendants were not named in Plaintiff's original Complaint."* See Final Order of Dismissal with Prejudice [D.E. 116], Comp. Ex. "5".

State Farm Mutual tried and failed to join Genoa, ALONSO, Maza, and State Farm F&C in the previous case. ***The joinder was denied by Judge Ungaro because of lack of sufficient evidence. The current Complaint does not provide any new evidence as to why the named parties should be added and relies on the same allegations used and summarily denied in the previous case before Ungaro. The parties could have been brought into the previous action and Plaintiffs failed to make their case. The same parties are now involved in this litigation.***

Furthermore, it is undisputed that ALONSO was in privity with B&A Diagnostics, Inc. and as such, when the previous case was dismissed, all actions related to the previous litigation were dismissed against ALONSO as well. *See* Medical Director Agreements from 2011 to 2013 between B&A and ALONSO, attached as Ex. "8"; *see also* Settlement Agreement b/t B&A and State Farm Mutual Concerning Case No. 1:13-cv-24393-UU (S.D. Fla. 2013) - attached as Ex. "9". *See Davis v. Davis* o:12-cv-61766-MGC, 15 (11th Cir. 2014) (*Res judicata* bars a claim brought a tried against a party or a party in privity with the named party).; S*alazar v. Buono*, 559 U.S. 700, 713 (U.S. 2010) (emphasis added)("***[R] es judicata [applies] to the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.***"); *Ariz. v. Cal.*, 530 U.S. 392, 424-425 (U.S. 2000) ("Res judicata not only bars relitigation of claims previously litigated, but also precludes claims that could have been brought in earlier proceedings. ***Under the doctrine of res judicata, "when a final judgment has been entered on the merits of a case, 'it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter***

<u>*which was offered and received to sustain or defeat he claim or demand, but as to any other admissible matter which might have been offered for that purpose.*</u>")

STATE FARM should not be permitted to settle the prior case and intentionally seek to circumvent Judge Ungaro's Order by simply filing a new lawsuit based upon identical core facts against identical parties after this Court previously ruled that such parties could not be joined in the prior action. Permitting such an action would be inapposite; it would be tantamount to permitting parties to settle cases and later pursue additional relief from the identical parties upon the identical facts when they feel adequate relief was not afforded in the prior case. This "second bite at the apple" serves only to incentivize parties to revive a previously settled case against identical parties and upon identical operative facts by relying on *de minimis* factual differences to circumvent a prior result they now find unsuitable. It is upon this basis that ALONSO respectfully requests that this motion for summary final judgment be granted

III. **COLLATERAL ESTOPPEL BARS STATE FARM COMPANIES FROM INSTITUTING THE SUBJECT LITIGATION**

    **i.** *Collateral Estoppel: Standard of Law*

Collateral estoppel protects litigants from the burden of having to relitigate an identical issue with the same party or his or her privy. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979); *see also* Michael Dore, The Future of Collateral Estoppel in Toxic Tort Litigation, 2 L. OF TOXIC TORTS § 17:9 (2008) (stating that "collateral estoppel is a judge-made doctrine designed to facilitate the reasonable resolution of disputes between parties"); and *Bazuaye v. United States*, 576 F.2d 19, 25 (D.C.D.C. 1999) (concluding that collateral estoppel or issue preclusion bars subsequent litigation of factual issues even if those issues pertain to different claims in the subsequent litigation). Once a court "finally decides an issue of fact or law, collateral estoppel prevents that issue from being relitigated in another court in later litigation."

9 GEOFFREY C. HAZARD ET AL., PLEADING AND PROCEDURE STATE AND FEDERAL 1158 (2005).  In effect, the theory of collateral estoppel rests on the principle that the earlier decision regarding a particular issue was reliable, and if retried, the outcome of the case should be the same. 2 *See* RESTATEMENT (SECOND) OF JUDGMENTS § 29, Comment f (1982); *see also First Nat. Bank of Cincinnati v. Berkshire Life Ins. Co.*, 199 N.E.2d 863, 865 (Ohio 1964) (stating that "the reasons generally given for keeping a party, [after receiving a judgment,] from relitigating an issue determined against him by that judgment are (1) that public policy requires an end to litigation, and (2) that the public is interested in protection of a person from being twice vexed for the same cause"); and 2 Freeman on Judgments 1318 § 626 (5th ed. 1925); *see also  Parklane Hosiery Co., Inc.*, 439 U.S. at 328; *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 346 (5th Cir.1982).  In terms of policy considerations, collateral estoppel protects scarce judicial resources and promotes judicial economy.  *See* Eli J. Richardson, Taking Issue With Preclusion: Reinventing Collateral Estoppel, 65 MISS. L.J. 41, 46 (1995) (positing that "the general objective of collateral estoppel" is to reduce litigation); *see also* Jack Ratliff, Offensive Collateral Estoppel and the Option Effect, 67 TEX. L. REV. 63 (1988) (arguing that the nation has seen "a dramatic growth in litigation, particularly in mass tort cases, [and] duplicative lawsuits now threaten to jam the nation's judicial machinery").

A basic tenant of law in federal diversity cases is that federal law applies to procedural issues while the applicable state law applies to substantive issues. <u>Grove Orthopedic Associates, P.A., v. Allstate Insurance Co., Docket No. 08-1008</u>; Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed. 2d 8 (1965).  Therefore, with regards to issue preclusion, Eleventh Circuit law applies to the present case.  *RF Delaware, Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (11th Cir. 2003).

The Eleventh Circuit has provided that the elements of federal collateral estoppel are as follows: "(1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding. *RF Delaware,* 326 F.3d at 1261.

      ii.    *Application of Federal Collateral Estoppel Law to Current Case*

Each of these elements have been satisfied when applied to the facts of the present case:

(1) the issue at stake must be identical to the one involved in the prior litigation

- The main issue presented in this case is whether Defendants submitted claims for PIP benefits which were unlawfully rendered to obtain insurance payments from State Farm. Compl., at ¶1 (D.E. 1].

(2) the issue must have been actually litigated in the prior suit

- The issue of the overpayment for claims stemming from alleged "unlawful medical services" were brought before Judge Ungaro in a previous litigation within this very Court. Judge Ungaro entered a Final Order of Dismissal with Prejudice against the named Defendants, B&A and Velasco in Case No. 1:13-cv-24393-UU after the parties reached a settlement on these identical issues of payment of PIP medical benefits now being raised once again in this current case**.** Final Order of Dismissal with Prejudice [D.E. 116], *State Farm Mutual Automobile Insurance Company v. B&A Diagnostic*, Case No. 1:13-cv-24393-UU (S.D. Fla. 2013), attached as part of Comp. Ex. "5". In the previous case, Judge Ungaro properly exercised *in personam* jurisdiction over State Farm and

      ALONSO, an agent and privy of B&A, and the Court had subject matter jurisdiction over the claims pursuant to Title 28 U.S.C. §§ 1332.

(3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and

- As the issue of payment for alleged "unlawful medical services" is the ENTIRE basis of the prior, related litigation, the determination of said issue by this Court in the prior case was absolutely a critical and necessary part of the prior judgment. More succinctly phrased, no judgment could have been rendered without the parties having agreed by settlement to resolve the issue of alleged "unlawful payment".

(4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding. "

- In the previous case before Judge Ungaro, State Farm engaged in copious discovery which included the depositions of ALONSO as well as multiple other parties in an attempt to add additional Defendants, including ALONSO, and an additional Plaintiff in State Farm Fire. Consequently, it may only be reasonably concluded that State Farm had ample opportunity to root out all of the alleged "unlawful" PIP payments which State Farm allegedly paid to B&A. It is resoundingly clear that State Farm left no stone unturned while prosecuting its claims in the prior case. This Court afforded State Farm ample breadth and opportunity to pursue its claims during the prior case and State Farm fully availed itself of such opportunity. There is absolutely no question that State Farm had a full and fair opportunity to litigate their case in the prior proceeding.

Therefore, based upon the facts and law cited above, ALONSO respectfully requests that this motion for summary final judgment be granted.

**IV. PLAINTIFFS UNJUST ENRICHMENT CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**

*i.   Statute of Limitations: Legal Standard*

The relevant statute of limitations for unjust enrichment claims is four (4) years. § 95.11(3)(k), Fla. Stat. (2011). In Florida, the statute of limitations runs from the time a plaintiff's cause of action accrues. A cause of action accrues when the last element constituting the cause of action occurs. § 95.031(1), Fla. Stat. (2011). Statutes of limitations on unjust enrichment generally begin to run upon the occurrence of that event that created the alleged harm. *Beltran v. Vincent P. Miraglia, M.D., P.A.*, 125 So.3d 855 at 859 (Fla. 4th DCA 2013). In the instance case, State Farm Companies are attempting to recover based on fraud, claims of fraud under Florida law have a four-year statute of limitations. §95.11(3)(j), Florida Statutes (2011).

Specifically in this case the statute of limitations for the alleged unjust enrichment began to run when ALONSO accepted and retained payment for any services rendered. Any such alleged acceptance and retention of payment by ALONSO before November 19, 2010 clealry lies outside of the four (4) year statute of limitations for unjust enrichment. Therefore, ALONSO requests that any and all claims by which State Farm alleges that ALONSO was unjustly enriched on account of the expiration of the relevant statute of limitations should be dismissed.

*ii.   Statute of Limitations: Application to Facts*

State Farm Companies argue in Paragraphs 139 through 146 of its Complaint that the alleged benefit conferred to Dr. ALONSO is State Farm Companies' payments to B&A Diagnostic. Even assuming this Court were to agree with State Farm Companies' allegation that ALONSO was unjustly enriched, the statute of limitations would begin to accure upon any the

date the alleged benefit was conferred to ALONSO, and would lapse four years therefrom.

State Farm Companies' Complaint was filed on 11/19/2014. Pursuant to the applicable statute of limitations for unjust enrichment, this action would expire fours years from the date ALONSO allegedly retained a benefit. Because State Farm Companies filed their Complaint on 11/19/2014, they would be legally barred from seeking relief on any claims which would have arisen prior to 11/19/2010. Additionally, as evidenced by Comp. Ex. "7", there are multiple checks evidencing payment by State Farm to B&A which were received by B&A well prior to 11/19/2010 which would render any and all State Farm claims based upon such payments barred by the applicable statute of limitations. See *Time Barred Claims* Provided by Plaintiffs and attached to Co-Defendant's MSJ, attached as Ex. "7".

Based upon the facts and law cited above, ALONSO respectfully requests that this Court respectfully requests this motion for summary final judgment be granted.

## CONCLUSION

The well-settled principles of *res judicata*, collateral estoppel, and unjust enrichment in tandem with the Federal Rules of Civil Procedure, preclude State Farm Companies from pursuing the current Complaint. Therefore, based on the evidence and argument provided in support of the present motion, this Court should enter judgment in favor of Defendant, Alex ALONSO, M.D. as a matter of law.

Dated: September 4, 2015

Respectfully submitted,

By: /s/ Michael Cosculluela
Michael Cosculluela, Esquire, FBN 189480
Attorney for Defendant, Alex ALONSO, M.D.
14211 Commerce Way, Suite 300

Miami Lakes, Florida 33016
Phone:  (305) 828-1909
Fax: (305) 503-6795
E-mail: eservice@cmpalaw.com
Secondary E-mail:mcosculluela@cmpalaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of September, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being serve this day on all counsel of record identified in the list below via transmission of Notice of Electronic Filing generated by CM/ECF.

By:  /s/ Michael Cosculluela
Michael Cosculluela, Esquire, FBN 189480
Attorney for Defendant, Alex Alonso, M.D.
14211 Commerce Way, Suite 300
Miami Lakes, Florida 33016
Phone:  (305) 828-1909
Fax: (305) 503-6795
E-mail: eservice@cmpalaw.com
Secondary E-mail:mcosculluela@cmpalaw.com

**SERVICE LIST**
*(All parties served via CM/ECF)*

Sandra Lynn Heller
Email: sandra.heller@akerman.com
Nicholas James Purvis
Email: nicholas.purvis@akerman.com
David Ira Spector
Email: david.spector@akerman.com
***Attorney for Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty, Co.***
***Akerman LLP***
222 Lakeview Avenue, Suite 400
West Palm Beach, FL 33401
Phone: 561-653-5000
Fax: 561-659-6313

Munir David Barakat
Email: mdb@barakatlegal.com
***Attorney for Defendants, B&A Diagnostics, Inc. n/k/a Oasis Medical Center Corp., Esteban Genao, Ernest Alvarez Velasco, and Jose Angel Ortiz Maza***
***Barakat Legal, P.A.***
255 Alhambra Circle, Suite 900
Coral Gables, FL 33134
Phone: 786-472-1812
Fax: 786-545-7195