UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 14-CV-24387-MOORE/MCALILEY

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
STATE FARM FIRE & CASUALTY
COMPANY,

    Plaintiff,
vs.

B&A DIAGNOSTIC, INC. n/k/a OASIS
MEDICAL CENTER CORP., ESTEBAN GENAO, M.D.,
ALEX ALONSO, M.D., ERNESTO ALVAREZ
VELASCO and JOSE ANGEL ORTIZ MAZA,

    Defendants.
_____/

### STATE FARM'S MOTION TO STRIKE DEFENDANT, ALEX ALONSO, M.D.'s, UNTIMELY MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF FACTS WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire") (collectively "State Farm"), pursuant to Rule 12(f), Federal Rules of Civil Procedure, file this Motion to Strike Defendant, Alex Alonso, M.D. ("Dr. Alonso"), Motion for Summary Judgment [ECF No. 128] and Statement of Undisputed Material Facts [ECF No. 129] as untimely and prejudicial, and in support, state:

    1.    On January 27, 2015, this Court entered its Paperless Order Scheduling Trial in Miami [ECF No. 27]. Pursuant to the Scheduling Order, the trial in this matter is set to commence in the two week trial period beginning November 16, 2015. *Id*.

    2.    The Scheduling Order required the parties to file "[a]ny and all pretrial motions, including motions for summary judgment…no later than eighty (80) days prior to the trial date", *i.e.*, on or before August 28, 2015. *Id*.

    3.    On August 28, 2015, State Farm and Defendants, B&A Diagnostic, Inc., Esteban Genao, M.D. and Ernesto Alvarez Velasco (the "non-Alonso Defendants"), timely filed their respective Motions for Summary Judgment [ECF No. 121] [ECF No. 123]. Dr. Alonso did not

join in the non-Alonso Defendants' Motion for Summary Judgment and did not file a Motion for Summary Judgment on his own behalf.

4. On September 4, 2015, a full week after the Court's deadline for motions for summary judgment, Dr. Alonso filed a Motion for Summary Judgment [ECF No. 128] and Statement of Facts [ECF No. 129]. Dr. Alonso did not seek an extension of the summary judgment deadline and did not seek leave from the Court to file his untimely motion.

## **MEMORANDUM OF LAW**

Pursuant to Rule 16(d), a district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." "This order controls the course of the action ...," Fed.R.Civ.P. 16(d), and may be modified only "for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Under Rule 16(b)(4), the party seeking to extend a deadline bears the burden of demonstrating good cause for modifying the uniform-scheduling order; otherwise, a party's lack of diligence and failure to notify the court of delays "would render scheduling orders meaningless." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

A district court retains "broad discretion in deciding ... whether to consider untimely motions for summary judgment." *Enwonwu v. Fulton–Dekalb Hosp. Auth.*, 286 Fed. Appx. 586, 595 (11th Cir. 2008) (internal quotations marks and citation omitted). Court's routinely strike (or refuse to consider) untimely motions for summary judgment where, as here, a party fails to demonstrate good cause for his or her failure to file the motion timely. *See e.g. See National Trust Ins. Co. v. Graham Bros. Const. Co., Inc.*, 916 F.Supp.2d 1244, 1250 (M.D. Fla. 2013) (striking summary judgment motion filed one (1) day after the deadline because it was untimely); *Enwonwu*, 286 Fed. Appx. at 595 (affirming district court's denial of summary judgment on the basis it was untimely); *Wedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (affirming denial of summary judgment on the basis it was untimely).

In *National Trust*, the defendant filed a motion for summary judgment *one day* after the Court's deadline for filing dispositive motions. *National Trust*, 916 F.Supp.2d at 1250. Shortly thereafter, the plaintiff, National Trust, filed a motion to strike the defendant's motion for summary judgment as untimely. *Id.* National Trust argued that, like here, "allowing the late-filed summary judgment motion would provide [defendant] an unfair advantage because [defendant] would have an extra day to review National Trust's motion and tailor its own motion to address

{36128706;3}

issues raised in National trust's motion." *Id*. The defendant argued that good cause existed for extending the deadline because a sickness in the family resulted in his late filing of the Motion for Summary Judgment. *Id*. Notwithstanding, the Court in *National Trust* held that the defendant failed to demonstrate good cause for the Court to consider its untimely summary judgment motion. *Id*. The Court "agree[d] with National Trust that allowing [defendant's] late filed motion would provide [defendant] an undue advantage of being able to consider National Trust's timely-filed motion while drafting his own." *Id*. Accordingly, the Court struck the untimely motion for summary judgment from the record and ordered that it would not be further considered by the Court. *Id*. at 1251.

Like the plaintiff in *National Trust*, State Farm is prejudiced by Dr. Alonso's late-filed summary judgment as Defendant had an unfair advantage of an extra week to review both State Farm's Motion for Summary Judgment against all Defendants, and the non-Alonso Defendants' Motion for Summary Judgment and to address issues raised in these motions that were timely filed.[1] Indeed, had Dr. Alonso properly sought an extension of the summary judgment deadline, State Farm would have requested an identical extension in order to prevent Dr. Alonso from obtaining this undue advantage and having the benefit of reviewing State Farm and the non-Alonso Defendants' Motions prior to filing his own. However, Dr. Alonso did not seek an extension of the deadline to file his summary judgment motion, did not reach out to counsel for State Farm to discuss a possible extension, nor did he request leave from this Court to file the untimely motion. Consequently, Dr. Alonso has not shown (or attempted to show) "good cause" sufficient for the Court to consider his untimely motion.

WHEREFORE, State Farm respectfully requests this Court enter an Order striking Defendant, Alex Alonso, M.D.'s, Motion for Summary Judgment [ECF No. 128] and Statement of Undisputed Material Facts in support [ECF No. 129], or alternatively, State Farm respectfully requests an order denying the motion as untimely.

---

[1] State Farm has previously informed counsel for Dr. Alonso that it would suffer such prejudice. On September 2, 2015, counsel for Dr. Alonso emailed the undersigned regarding a request for extension of time for Dr. Alonso to respond to State Farm's Motion for Summary Judgment. State Farm responded that it opposed Dr. Alonso's *unilateral* extension of time because State Farm would be prejudiced by Dr. Alonso having "the benefit of reviewing both the brief filed by State Farm in opposition to Oasis's Motion for Summary Judgment and Oasis's opposition to State Farm's Motion for Summary Judgment…prior to filing his own opposition."

{36128706;3}

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that I conferred with counsel for Defendant regarding the contents of this Motion and Defendant opposes the relief sought herein.

Dated: September 11, 2015   Respectfully submitted,

  /s/ Sandra L. Heller
David I. Spector (Fla. Bar No. 086540)
david.spector@akerman.com
Sandra L. Heller (Fla. Bar No. 037055)
sandra.heller@akerman.com
Nicholas J. Purvis (Fla. Bar No. 054268)
nicholas.purvis@akerman.com
**AKERMAN LLP**
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile: (904 798-3730

*Counsel for State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company*

## CERTIFICATE OF SERVICE

This is to certify that on September 11, 2015, the foregoing document is being served this day on all counsel of record identified on the attached Service List via Electronic Mail and US Mail.

  /s/Sandra L. Heller
Sandra L. Heller (Florida Bar No. 037055)

{36128706;3}

## SERVICE LIST

Munir D. Barakat, Esq.
mdb@barakatlegal.com
BARAKAT LEGAL, P.A.
255 Alhambra Circle
Suite 900
Coral Gables, Florida 33134
786-472-1812 (phone)
786-545-7195 (fax)

*Attorneys for Defendants: B&A Diagnostics, Inc. n/k/a Oasis Medical Center Corp., C. Esteban Genao, M.D., Ernesto Alvarez Velasco and Jose Angel Ortiz Maza*

Michael Coscullela, Esq.
Cosculluela & Marzano
14211 Commerce Way
Suite 300
Miami Lakes, FL 33016-1555
305-828-1909 (phone)
305-503-6795 (fax)
mcosculluela@cmpalaw.com

*Attorneys for Defendant Alex Alonso, M.D.*